LIFE AND CASUALTY INS. CO. *v.* VIRGINIA BABER.

(*Nashville*, December Term, 1932.)

Opinion filed March 18, 1933.

M. P. ESTES, for plaintiff in error.

C. H. RUTHERFORD, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The plaintiff in error appealed to the circuit court from a judgment rendered against it by a justice of the peace in an action of debt. The appeal reached the circuit court February 13, 1931. A judgment by default entered June 30, 1931, was set aside July 18, 1931. March 23, 1932, a second judgment by default was entered. April 20, 1932, within thirty days after the entry of the judgment, plaintiff in error entered a formal motion to set aside the judgment by default upon the ground that it was taken without notice and while counsel for the insurance company was absent from the State on business. The record of the action of the trial judge upon the motion appears in a minute entry as follows:

"Upon consideration of the said motion, the Court was pleased to order that a new trial be granted, but before the order granting the new trial was entered on the Minutes the Clerk of the Court called the Court's attention to the fact that the date upon which the Court made this order was Saturday, April 23, 1932, and that it was thirty-one (31) days from the time that the judgment in the case was entered.

"Thereupon, the Court reconsidered the said order and held that inasmuch as the thirty-one days had passed, as aforesaid, it was without jurisdiction to grant a new trial.

"Thereupon attorney for the defendant called to the Court's attention the fact that the written rules of this Court duly made and entered on its Minutes provided that no motion could be heard except on Saturdays of each week and that no motion could be heard upon such Saturdays, unless said motion was entered upon the motion docket required to be kept in the Clerk's office for that purpose prior to three o'clock of each Wednesday, before the said Saturday, and that the motion in this

cause was duly entered upon such motion docket under said rule prior to three o'clock of Wednesday before the Saturday upon which said motion was heard as aforesaid, and that the said motion was entered upon the docket twenty-eight (28) days after date of the said final judgment, all of which was found by the Court to be facts duly proven or admitted.

"However, the Court held that notwithstanding said facts, it was without jurisdiction to set aside said judgment thirty-one days after the said final judgment, as the motion was not marked filed and was undisposed of in thirty days and accordingly overruled said motion and struck said motion from the docket, to which action of the Court the defendant excepted."

The trial judge was of the opinion that in view of the Act of 1871, as amended by the Act of 1885, carried into section 4898 of Shannon's Code, that the judgment could not be set aside because thirty days had elapsed from the date of its rendition.

The judgment by default was only quasi-final until after the expiration of thirty days from its entry. The motion formally entered on the motion docket, under a rule of the court, kept the matter open until the court acted on the motion. *Railroad* v. *Ray,* 124 Tenn., 16.

*Ellis v. Ellis,* 92 Tenn., 471, is not controlling, because the application for a new trial was not made in that case within thirty days from rendition of the judgment; and no excuse was shown for not making it. See last paragraph of the opinion in *Shipley* v. *Barnett,* 161 Tenn., 437.

The entry on the motion docket was as effective to keep the matter open for consideration of the court on the next succeeding motion day as would have been a formal motion filed with the clerk.

**Reversed and remanded for trial.**