LINER *v.* JENKINS.

(*Nashville,* December Term, 1935.)

Opinion filed March 7, 1936.

(1)

CHAS. RUTHERFORD, JAMES RUTHERFORD, and W. S. NOBLE, all of Nashville, for plaintiff in error.

CORNELIUS, MCKINNEY & GILBERT, of Nashville, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Counsel for plaintiff in error, Ben Liner, asks a reversal solely on the ground that the trial judge refused to hear his motion for a new trial, holding that the motion came too late. On the first trial of this, a will contest, a jury returned a verdict in favor of the validity of the will. The trial judge granted a new trial, being of opinion the testator was of unsound mind. The jury returned the same verdict on a second trial, and judgment was entered on the 27th day of May, 1935. On June 26 thereafter counsel for Liner made the following entry upon the regular motion docket of the court: "Lula Jenkins Liner v. Ben Liner.

"Defendant will move for a new trial on the following grounds: (Attached)

"W. S. Noble, J. W. Rutherford, to Cornelius, McKinney & Gilbert."

On June 28, two days later, and more than thirty days after the rendition of the verdict, a paper was filed with the clerk specifying seven grounds of motion, being those

referred to by the expression "(attached)," appearing in the motion docket entry of June 26.

It is conceded that the court is without power to receive a motion for a new trial after the expiration of thirty days from the date of the judgment, although, if properly filed within the thirty days, the court may consider it after the thirty days have expired. This was the holding in *Life & Cas. Insurance Company* v. *Baber,* 166 Tenn., 10, 57 S. W. (2d), 791.

The rules adopted by the trial court are before us. They provide (1) that Saturday is motion day and that motions must be entered on the motion docket not later than 3 o'clock on the Wednesday preceding. The entry made on June 26 on the motion docket was made before 3 p. m. on Wednesday, and within thirty days after the verdict. The controlling question is, Was this entry a "motion" for a new trial, or merely a notice of a purpose to make a motion? In form, it is obviously the latter, and we think it cannot be held to be a motion, in proper form or substance, in view of its failure to specify any errors, or grounds, whatever. Whether or not this would be so independently of governing trial court rules, it is inescapably so, in view of the express requirement of rule 9 that "motions for new trial, both in jury and nonjury cases, shall specify the errors claimed to have been committed on the trial, or the grounds upon which the motion is based, which shall be entered upon the motion docket and filed with the clerk."

This rule expressly defines what a motion shall contain, in order to constitute the entry made, or paper filed, a motion. The rule is consistent with reason and sound practice. It thus exacts reasonable notice to those interested. We think it only reasonable to recognize a

distinction in substance and effect, as well as form, between the entry of a notice on the rule docket that a party will thereafter, at some later day, move for a new trial, and the entry of the motion itself, bearing on its face notice of the grounds relied on. This distinction between a notice of a motion to be made and the motion itself is illustrated in a number of our cases. For example, *Brown* v. *State,* 8 Heisk., 871; *Curry* v. *Munford,* 5 Heisk., 61-65; *Thomison* v. *Douglass,* 3 Baxt., 74, 75. The notice is one thing; the motion quite another.

The recent case of *Life & Cas. Insurance Co.* v. *Baber, supra,* is relied on for plaintiff in error, but it is not controlling. The facts were essentially different, in this: In the Baber Case the entry made on Wednesday, before the Saturday motion day, was made within the thirty-day limit. This tolled the limitation. But this was true because, in that case, "within thirty days after the entry of the judgment, plaintiff in error entered *a formal motion* to set aside the judgment by default *upon the ground that it was taken without notice and while counsel for the insurance company was absent from the state on business.*"

The language we italicize expresses the essential difference in the facts. It was the motion conforming to the rule that was entered within the thirty-day limit, not, as here, a notice only of an intention to file a motion.

We find no error. Affirmed.