PAYNE *v.* EUREKA-SECURITY FIRE & MARINE INS. CO.

(*Nashville,* December Term, 1938.)

Opinion filed Dec. 17, 1938.

H. J. Denton and O. W. McKenzie, both of Dayton, for plaintiff in error.

Thompson & Ballard, of Chattanooga, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

This is a suit upon a fire insurance policy issued to E. M. Payne and wife, Juanita Payne, insuring a dwelling house for one thousand dollars and its contents for five hundred dollars. The property was destroyed by fire December 23, 1935. The policy contained this provision:

"This entire policy shall be void unless otherwise provided by agreement in writing added hereto (a) if interest of the assured be other than unconditional or sole ownership, or (b) if the subject of insurance be a building on ground not owned by the assured in fee simple."

It was shown by the declaration that the legal title to the land on which the house was situated was in Anna F. Newberry, wife of E. H. Newberry, with whom plaintiff bargained for the property but took no deed. The trial judge held the policy severable and sustained defendant's demurrer to the declaration insofar as it sought recovery for loss of the residence and overruled it as to so much of the declaration as sought recovery for the personal property. The case was tried before the judge and a jury, resulting in a verdict for plaintiff for five hundred dollars for the personal property, and both parties appealed.

The Court of Appeals affirmed the trial judge in sustaining the demurrer to plaintiff's declaration seeking recovery for loss of the house and reversed the judgment awarding recovery for the household goods upon the ground that the demurrer should have been sustained in its entirety for the reason that the policy was rendered void by breach of the covenant as to sole and unconditional ownership of the property insured.

Both parties filed petitions to review the judgment of the Court of Appeals. The defendant complains of the action of the Court of Appeals in pretermitting assignments of error, among others, to action of the judge in setting aside plaintiff's non-suit. The record discloses that the judgment of dismissal was entered upon plaintiff's motion to non-suit on April 6, 1936. On May 6th, plaintiff presented to the judge at his residence in Jasper his motion to set aside the judgment entered on April 6th. He was directed by the judge to file the motion and the motion was filed with the clerk at Dayton on May 6th. The regular term at Dayton adjourned April 22nd until May 11th. In the meantime, the regular

April term was opened and held in Franklin County. The motion which was filed with the clerk during the recess was taken under advisement on May 11th and the order setting aside the judgment upon the motion to non-suit was subsequently sustained. The defendant insists that thirty days expired before the trial judge took the motion under advisement and that his order setting aside the judgment of dismissal upon plaintiff's motion for non-suit was void and subsequent proceedings were *coram non judice*. The courts are without power to set aside judgments after the expiration of thirty days. But, if the motion is properly entered within thirty days on the motion docket, the Court may consider it after thirty days have expired. *Life & Casualty Insurance Co.* v. *Baber,* 166 Tenn., 10, 57 S. W. (2d), 791; *Liner* v. *Jenkins,* 170 Tenn., 1, 91 S. W. (2d), 289. It is doubtful if the motion entered May 6th when the court was in recess, or in session at Winchester, was effective to toll the thirty days limitation and restore jurisdiction to the trial judge as of May 11th when the court met at Dayton. However, as to that, it is not necessary to decide because the action of the Court of Appeals in holding the policy indivisible and void is determinative.

 The personalty was insured as a joint property of E. M. Payne and wife, Juanita Payne. They were represented in the policy as the sole and unconditional owners of the personalty and of the real property in fee; whereas, title to the house and land was in Mrs. E. H. Newberry. The plaintiff testified that he owned all the personal property and that his wife was only interested in it *juri mariti*. The covenant of unconditional and sole ownership and of ownership of real estate in fee are material to the risk, and, if false, avoid the policy.

*Alfred* v. *Insurance Co.,* 167 Tenn., 278, 68 S. W. (2d), 941. It is true that where a policy covers separate and distinct classes of property, separately valued, and the breach of the condition as to one part does not relate to and affect the risk on the remainder, the policy is void only as to that part to which the breach pertains. This rule was applied in *Light* v. *Insurance Co.,* 105 Tenn., 480, 58 S. W., 851, and in *Hughes* v. *Home Insurance Co.,* 8 Tenn. App., 292, 300, it was more broadly applied. In *Jackson Building & Loan Association* v. *Insurance Co.,* 173 Tenn., 160, 116 S. W. (2d), 995, it was held that taking additional insurance in violation of the double indemnity clause of a policy was void because it related to and affected the risk as to personalty separately valued in the policy. No attempt was made in that case to distinguish cases where the property is so situated that the risk on the personalty was not affected by the risk on the realty, and on that proposition the authorities are conflicting. Cases involving the question of divisibility of insurance policies are not in accord; some hold that the contract covering different classes of property is indivisible when executed as a whole and for a gross premium, while others hold the contract divisible if the amount of insurance is distributed to the several items insured. We quote 26 C. J., p. 102:

"Many of the apparently conflicting decisions may, however, be explained and reconciled on the theory advanced by some authorities that neither the entirety of the premium nor the separate valuation of the items insured is the controlling factor, but that the question is to be determined with reference to the character of the risk as entire or divisible, the rule being laid down that, where the property is so situated that the risk on one item·

cannot be affected without affecting the risk on the other items, the policy should be construed as entire and indivisible. . . ."

Our court is inclined to the view that the question of divisibility of the policy is dependent upon whether the risk affects both species of property covered by the policy. If the property is so situated that the risk on the realty cannot be affected without affecting the risk on the personalty, the policy must be regarded as entire and a breach of the condition of the policy as to one renders the entire policy void. We quote with approval a statement from *Goorberg* v. *Assurance Co.,* 150 Cal., 510, 89 P., 130, 132, 10 L. R. A. (N. S.), page 879, 119 Am. St. Rep., 246, 11 Ann. Cas., 801:

"Where the breach of condition, although in terms affecting only one item, is such as to increase the hazard to which other items are subjected, the avoiding of the policy as to all such items is the very thing which is requisite in order to protect the insurer from having to assume a greater risk than the one he had contracted for. Take the case here presented, of a building and furniture in the same, both covered by the same policy. There is a breach of a warranty or representation relating to the title to the land on which the building was situated. That any misrepresentation as to title is material, and has the effect of avoiding the policy, at least as to the building, is undisputed. And one ground upon which the materiality of statements as to title has been put is that they 'might, and probably would, influence the mind of the underwriter in forming or declining the contract. Generally speaking, insurances against fire are made in the confidence that the assured will use all the precautions to avoid the calamity insured against,

which would be suggested by his interest. The extent of this interest must always influence the underwriter in taking or rejecting the risk or in estimating the premium.' *Columbian Ins. Co.* v. *Lawrence,* 2 Pet., 25, 7 L. Ed., 335, Id., 10 Pet., 507, 9 L. Ed. 512. 'In other words, it is in their relation to the moral hazard that the materiality of statements as to title or interest rests.' 2 Cooley, Briefs on Ins., 1340. The risk is greater, then, where a man insures a house which is on land not belonging to him than it would be if he owned the land. But if the risk on the house is greater by reason of the want of ownership, it is clearly greater as to the contents of the house. It is, of course, possible that a house may burn, and a part or all of its contents be saved, but surely the contents of a house are in great danger of burning if the house takes fire, and any circumstance which increases the risk of fire to the house necessarily increases the risk to the contents. If the insuring company would have been unwilling to insure a house on land not belonging to the insured, because it might be more advantageous to the insured to have the house burn than to have it saved, it can hardly be supposed that it would have consented to take the risk on furniture contained in a house exposed to such hazard. It is, we think, no answer to this position, to say, as was said in *Merrill* v. *Agricultural Ins. Co.* [73 N. Y., 452, 29 Am. Rep., 184], a case frequently cited, that insurance companies habitually insure the contents of buildings, without insuring the building or inquiring about its ownership. Such insurance on the contents alone would involve no unusual hazard. It would not tempt the insured to permit his furniture or other movables to burn. But if it be coupled with insurance on a building which he does not own, and

by the destruction of which he would profit, both the house and its contents are subjected to a risk which the insurer was not willing to assume, and one against the assumption of which he expressly contracted.''

■ Under the facts shown by this record, the risk on the contents of the building was directly affected by any acts that could have affected the risk on the building, and the contract must be treated as entire, as held by the Court of Appeals. Being entire, a breach as to one condition renders the contract void. This result disposes of both petitions.

Both writs are denied.