BREWER *v.* STATE.

(*Knoxville,* September Term, 1948.)

Opinion filed December 11, 1948.

Eastman Portrum, of Rogersville, and Thos. H. Rogan, of Greeneville, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney-General for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error has appealed from a conviction of possessing whisky in violation of the statute. The jury fixed his punishment by assessing a fine of $100. The trial judge added a workhouse sentence of ninety days. The record recites that when the first witness for the State had been asked six preliminary questions the defendant's counsel addressed the court as follows:

"If the court please, I would like for the record to show that at this point a motion was presented in writing that the jury fix the punishment in this case."

The motion was overruled on the ground that "it came too late" and for the further reason, is stated by the trial judge, "that the court has a rule in all the courts in this District that it has to be done before the jury is sworn and reduced to writing."

The assignments of error are (1) the evidence preponderates in favor of the defendant's innocence and (2) it was error to overrule defendant's motion to let the jury fix his punishment.

The defendant's guilt is based entirely upon circumstantial evidence. The whisky, consisting of six gallons, was found buried in an abandoned and unused negro cemetery a short distance from the defendant's residence. It was located at the end of a well defined path through sage grass and running from the back of the Brewer house across a low fence, a distance of thirty steps from the house. The next nearest house was two hundred yards away and could not be seen from the place where

the whisky was found. The defendant testified he had no knowledge of the whisky; that he and his wife had lived in their partially completed house for about three weeks prior to the discovery of the whisky; that there were numerous other paths through the cemetery and the immediate vicinity was a well known rendezvous of "bootleggers."

██ ██ While the evidence of defendant's guilt is not strong, we think it is sufficient. The witnesses for both the State and defendant were examined and cross examined at length with reference to the place where the whiskey was found—the particular path which lead from the corner of defendant's lot to the liquor. The officers testified as to a well beaten path leading from the home and to the whisky and that the path *"stopped at that place."* One officer testified to the fact that Mrs. Brewer sat at a window watching the search and was all the while looking in the direction where the whisky was found. Much of the evidence is difficult to understand as the witnesses try to describe places and distances by pointing to objects in pictures, etc. All of this the jury could fully understand, as well as observe the demeanor of the witnesses. The defendant is here under a presumption of guilt and we cannot say that the evidence preponderates in favor of his innocence. In all circumstantial evidence cases on appeal the burden is upon the plaintiff in error to show that the evidence preponderates against his guilt and in favor of his innocence. *Ford v. State*, 184 Tenn. 443, 446, 450, 201 S. W. (2d) 539. The first assignment is overruled.

The second assignment is sustained, because in our opinion the trial judge had no authority to add a workhouse sentence to the $100.00 fine assessed by the jury.

Chapter 82 of the Public Acts of 1947 expressly authorizes the jury to fix the punishment both as to fine and imprisonment, within statutory limits, in misdemeanor cases ''upon demand of defendant seasonably made.''

We think a demand is ''seasonably'' made if made at any time before the court charges the jury. The legislature might well have provided that the demand should be made in writing before the beginning of the trial in order to safeguard the right of the State. Since this was not done we cannot say that the State suffered from a failure to make the demand before trial or that the defendant is given an advantage. We therefore hold that the trial judge was in error in holding that the demand of the defendant came too late. The court was also in error in ruling that the demand that the jury fix defendant's punishment was not in accord with a rule of court announced by the trial judge and which is set out in the second assignment of error. No such rule is found in either the technical record or the bill of exceptions. There is inserted in the record a certificate of the clerk that ''he has made diligent search of the Record in my office for a rule of Court (the one here invoked) and the search has been ineffectual,'' the search, he says, ''extending from the passage of the Act (Chapter 82, Public Acts of 1947) to this date.'' While the trial court has statutory, if not inherent, power to make rules of practice deemed expedient and reasonably necessary for the proper trial of cases (Code Sec. 10330), the rules of court can be reflected only by its minutes. This Court cannot judicially know the rules of practice in the various trial courts of the State, and will not notice them unless they are proved on the trial below and incorporated in the bill of exceptions, or found in the minutes of the court. *Sco-*

*vill Mfg. Co.* v. *Cassidy,* 275 Ill. 462, 114 N. E. 181, Ann. Cas. 1918E, 602.

In *Naro* v. *State,* 212 Ala. 5, 101 So. 666, it was held, "The rules of court cannot rest in parol, but must be placed upon the record of the court." To the same effect *Payne* v. *Carth,* 8 Cir., 285 F. 301; *Gist* v. *Drakely,* 2 Gill, Md., 330, 41 Am. Dec. 426.

In 14 Am. Jur. Sec. 154, p. 360, it is said: ". . . they (rules of court) ought not only to be formally promulgated but they should be definitely stated, published, and made known in some permanent form."

█ As to whether or not a particular rule of court is effective and has the force of law depends upon the nature and scope of the rule relied on. It is well nigh axiomatic that no rule of court is ever effective to abrogate or modify a substantive rule of law. In 14 Am. Jur. Sec. 152, p. 357 it is said, "As against conflicting statutory provisions such rules are without force. They must be subordinate to the law, and in case of conflict the law will prevail." Our own case of *Adcox* v. *Southern Ry. Co.,* 182 Tenn. 6, 14, 184 S. W. (2d) 37, 156 A. L. R. 1091 supports the above text.

█ The demand of the defendant's counsel that the jury fix the punishment was timely and effective to deprive the court of any right to add a workhouse sentence to the fine assessed by the jury. His action in this regard was a nullity. The second assignment is therefore sustained and the judgment of the trial court is modified by eliminating the prison sentence. In all other respects, the judgment of the lower court is affirmed.

All concur.