Thomas J. White

*v.*

Weldon Adams and John Adams d/b/a Adams & Adams.

(*Jackson,* April Term, 1959.)

Opinion filed May 1, 1959.
Rehearing denied June 5, 1959.

J. B. Avery, Jr., Avery & Avery, Alamo, for appellant.

John W. Norris, Lyle Reid, Brownsville, for appellees.

SWEPSTON, JUSTICE, dissented.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a petition for writ of error *coram nobis* and *supersedeas* to have a decree heretofore entered in the case of *Thomas J. White v. John Adams and Weldon Adams* annulled. The Chancellor permitted the filing of the petition and granted the application for the writ as prayed for. The defendant to the petition, being the original complainant in the case of *Thomas J. White v. John Adams,* filed a demurrer to the petition, and this demurrer was, by the court, overruled.

This petition for writ of error *coram nobis* is based upon a decree heretofore entered in the Chancery Court at Brownsville, wherein Thomas J. White was complainant and John Adams and Weldon Adams were defendants.

That was a suit for workmen's compensation. It seems that in the former suit an attorney by the name of

D. P. Clarke was attorney for White, and in that suit a *pro confesso* was obtained against Adams and the former decree entered.

When this was discovered by the petitioner, Adams, he immediately filed the bill in the present case stating that he had been misled by conversations had with the attorney, Clarke, who assured him that there was nothing in the lawsuit for compensation and that it would be dismissed.

The defendant in the present cause challenges the right of the petitioner to maintain the present suit.

Section 27-702, T.C.A. sets out when writ or error *coram nobis* is proper. This Section is as follows:

"The relief embraced in this chapter is confined to errors of fact occurring in proceedings of which the person seeking relief has had no notice, or which he was prevented by disability from showing or correcting, or in which he was prevented from making defense by surprise, accident, mistake, or fraud, without fault on his part. Thus, infancy at the rendition of the judgment not appearing on the record sought to be corrected, or a real defense to an action by motion, of which the party aggrieved had no notice, and so of like cases, are good grounds for relief under this writ."

See also Gibsons Suits in Chancery Section 1318 *et seq.* 5th Ed.

In *Bolling & Power v. Huddleston & Turner*, 8 Tenn. Civ.App. 339, that Court said:

"To more or less extent, every case stands upon own facts. However, as already intimated, whenever it appears that the petitioner has a meritorious defense which he has for any reason failed to have an opportunity to make on the trial, we are inclined to the opinion that he is entitled to a construction as favorable as is consistent with the provisions of the statute of the allegations made by the petitioner by which he seeks to show surprise, accident, mistake or fraud without fault."

Now taking the statements of the petitioner as true and especially the conversations of the Attorney Clarke, attorney for White, and the conversations of A. H. Gray, both conversations being with the petitioners herein, there was a misunderstanding on the part of the petitioners which constituted a mistake, which conduct influenced and misled the petitioners herein.

Furthermore, the petitioners set out in their petition that they have a meritorious defense, and that they can prove that they were misled by such statements to the extent they can show that the said Thomas J. White was not employed by them but was working for or employed by one Bowles, who was an independent contractor.

Under the facts above recited we are of the opinion that the Chancellor properly overruled the demurrer, since the mistake or fraud complained of was in no way brought on or induced by the petitioners.

The decree of the Chancellor is affirmed.

SWEPSTON, JUSTICE, dissenting.