SAM C. NAILLING et al., Board of Commissioners of Union City, Tennessee,

*v.*

STATE OF TENNESSEE ex rel. JOSEPH LYNN and J. H. S. TURNER.

(*Jackson,* April Term, 1961.)

Opinion filed May 5, 1961.

R. D. FRY, MILES & MILES, HEATHCOCK, ELAM & CLOYS, Union City, for appellants.

AARON BROWN, Paris for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The question made by the appeal of the Commissioners of Union City is whether the Chancellor erred in sustaining a petition for writ of error coram nobis, T.C.A. sec. 27-702, instituted by relators for the purpose of vacating an order of voluntary nonsuit entered at the instance of these relators.

Union City, proceeding under the 1955 Act carried in the Code Supplement at T.C.A. sec. 6-308 et seq., enacted an ordinance annexing certain territory. Less than thirty days after the final passage of this ordinance, T.C.A. sec. 6-309, Lynn and Turner, owners of real estate within the newly annexed territory, did, as relators, institute a quo warranto proceedings, T.C.A. sec. 6-310 Code Supplement, for the purpose of causing the annexing ordinance to be declared void for the reasons stated in their bill. The Commissioners of Union City were made defendants.

When the cause came on for hearing some months later, after filing of the answer of the Commissioners, the following order was entered:

"This cause came on to be heard before the Honorable John T. Gray, Chancellor, on the 29th day of November, 1960, when complainants through their attorneys of record, moved the Court that they be allowed to take a voluntary nonsuit without prejudice in the cause, and after considering the same, such motion is allowed and so ordered."

Less than thirty days after entry of this order, but months after the enactment of the annexing ordinance, the relators, Lynn and Turner, instituted another quo warranto proceedings for the purpose of having the annexation ordinance declared void for the reasons stated in their second bill. The City Commissioners demurred to this bill on the ground that it was filed more than thirty days after the enactment of the annexing ordinance; hence, the right of relators to contest its validity had expired. T.C.A. secs. 6-309, 6-310.

Cases falling within the voluntary nonsuit statute T.C.A. sec. 28-106 are subject to re-commencement within

one year from the entry of the voluntary nonsuit. But this Court in its opinion in *Brent v. Town of Greeneville,* 203 Tenn. 60, 309 S.W.2d 121, held that the aforesaid voluntary nonsuit statute is not applicable to the annexation statute wherein the right of an owner of property within the annexed territory to contest the validity of the annexing ordinance is limited to a period of thirty days after the enactment of that ordinance is completed. That opinion was announced by this Court on December 6, 1957, with rehearing denied on February 6, 1958. The voluntary nonsuit order with which this case is concerned was entered on November 29, 1960.

Pursuant to the aforesaid insistence, the demurrer of the Commissioners to this second quo warranto bill filed by relators, it being Rule No. 4285, was sustained. The relators have accepted this action of the Court. The result is that this appeal is not concerned with the second quo warranto bill.

Before this demurrer of January 3, 1961 to this second quo warranto bill, Rule No. 4285, was sustained, these relators, Lynn and Turner, filed on January 21, 1961 their petition for writ of error coram nobis praying that the order of voluntary nonsuit entered on the 29th day of November, 1960 "be recalled, reversed and annulled". The effect, of course, of annulling the voluntary nonsuit order would be to leave the first quo warranto proceedings a pending suit yet undisposed of. This is because the first quo warranto suit was filed within the thirty day period fixed by the annexation statute.

The Commissioners of Union City moved the dismissal of this petition on the ground that neither the petition nor the technical record avers or discloses any circumstance

which entitles the relators to the benefits of the writ of error coram nobis. The reasons for this insistence are stated in detail in the motion to dismiss and will, in so far as necessary to the determination of this suit, be embraced in that which this opinion hereinafter adjudges.

The Chancellor first sustained the motion to dismiss the petition on the ground "that no mistake of fact, surprise, or fraud was alleged or shown in connection with the entry of the order of voluntary nonsuit" of November 29, 1960.

About a week later, however, the Chancellor, of his own motion, granted the relators a re-hearing upon their petition and the Commissioners' motion to dismiss it. Upon that rehearing the Chancellor reversed his previous finding, overruled the motion to dismiss the petition and sustained that petition. He gave as his reason that the relators "were taken by surprise when on November 29, 1960, the date set for hearing of the original case, relators previous attorneys of record announced in open Court their desire to withdraw from the case".

The question is whether that which appears in the technical record and that which is stated in the petition of the relators makes available to relators the writ of error coram nobis, whereby the order of voluntary nonsuit may be set aside. That writ is carried at T.C.A. sec. 27-702. It provides, in so far as material here, as follows:

"Errors reached by writ.—The relief embraced in this chapter is confined to errors of fact occurring in proceedings of which the person seeking relief has had no notice, or which he was prevented by disability from showing or correcting, or in which he was prevented

from making defense by surprise, accident, mistake, or fraud, without fault on his part."

The technical record shows that the motion of the relators for a voluntary nonsuit was made "through their attorneys of record". The petition of the relators seeking the writ or error coram nobis avers that these relators were present at the time that motion was made. There is, therefore, nothing in the technical record that brings the case within the relief contemplated by the writ of error coram nobis. The allegations of the petition determinative of the availability, or not, of the writ in this case are as follows:

"The petitioner would show to your Honor that at the time set for the hearing of said cause as herein stated, that the parties appeared in open court with their Attorneys of record; that at such time and under such circumstances, their Attorneys announced that they desired to withdraw as their representative in this cause. This situation left them without representation and without time to secure representation. It was thereupon suggested that a voluntary nonsuit without prejudice be entered in this cause and they were thereupon advised by Counsel representing all parties to the lawsuit that they would have thirty (30) days from said date to secure Counsel and refile their objection to the annexation of their property under the authority and by virtue of section 6-310 in the nature of a *quo warranto* as contained in the Tennessee Code Annotated."

The petition continues:

"They further state that had the law correctly been related to them at such time, that they could have at

least proceeded with or without Counsel so as to have had a hearing upon the facts and the evidence; that they were prevented from prosecuting their said action because of surprise, accident and mistake and through no fault or negligence on their part."

The only construction that this Court is able to place upon the foregoing allegations of the petition is that the voluntary nonsuit was entered with consent of the relators, and at their instance, because of a misconception of their solicitor, as well as of the Commissioners, as to the law applicable; that but for such misconception upon the part of their solicitor upon whose advice they were relying another course could have been pursued by the relators. The mistake, therefore, in the entry of the voluntary nonsuit was a mistake of law rather than a mistake of fact. The petition, in substance, so concedes by its allegation that "had the law correctly been related to them at such time" etc.

■ It is elementary that "an error of law cannot be reached" through the instrumentality of a writ of error coram nobis. *Dinsmore v. Boyd,* 74 Tenn. 689, 698. "Errors of law are excluded from the causes for which a writ of coram nobis or coram vobis may issue", citing numerous decisions. 30A American Jurisprudence, page 691.

■ Moreover, the writ of error coram nobis can in no instance be available to those who are at fault within the limitations of the case in which that writ is sought. It is a fact that the fault of relators' lawyer must be regarded as the fault of the relators. A very apt observation appears in *Loving v. Dugan,* 4 Tenn. Civ. App. 272, 277-278, as follows:

"If a party could have the benefit of the writ of error coram nobis, because of his counsel's failure to introduce material witnesses in the trial of a cause, wherein judgment had been rendered adverse to him, many applications could and would be made, and there would be no end to the setting aside of judgments for such reasons. Litigants must be held to the exercise of reasonable diligence, and where they employ counsel and leave them to conduct their lawsuits without their presence, they cannot urge the omissions of counsel as a ground for setting aside an adverse judgment by suing out a writ of error coram nobis."

This reasoning all the more applies to a case where the litigant is present, as in the instant case, when his solicitor makes the mistake of law by reason of which the decree at the instance of the relators is entered.

The relators insist that *White v. Adams,* 204 Tenn. 620, 325 S.W.2d 236, 237, supports the Chancellor's action. In that case White had instituted a suit against Adams and the case had progressed to the point that a pro confesso had been obtained against Adams and decree entered. When Adams discovered this he made inquiry of Clark, the attorney for Wihte, and was assured by this attorney for his adversary "that there was nothing in the lawsuit for compensation and that it would be dismissed". Here is a plain case of fraud practiced upon the applicant for the writ of error coram nobis. Therefore, the case fell within the statute. No such situation as that exists in this case.

There are other reasons assigned in support of the insistences that the Court erred in sustaining the petition for writ of error coram nobis. It is unnecessary to con-

sider these insistences in view of the fact that the ruling hereinbefore stated is conclusive and requires a reversal of the Chancellor's decree.

The decree of the Chancellor will be reversed. The motion to dismiss the petition will be sustained, and the petition dismissed, and all costs assessed against relators.

FELTS, J., did not participate in the consideration of this case since he was necessarily absent when the case was orally argued.