MARY ROBBINS SHETTLES

*v.*

STATE OF TENNESSEE.

352 S. W. 2d 1.

(*Nashville,* December Term, 1961.)

Opinion filed October 20, 1961.

Rehearing Denied December 8, 1961.

FEUERSTEIN & FEIBELMAN, Memphis, for plaintiff in error.

LYLE REID, Assistant Attorney General, Nashville, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Plaintiff in error was indicted for embezzlement and grand larceny. She was convicted of embezzlement and sentenced to not more than three years in the State penitentiary. In the outset we are met with a motion on behalf of the State to dismiss the appeal because the plaintiff in error failed to file her motion for a new trial within thirty (30) days of the verdict, as is required by Section 27-201, T.C.A. This Section of the Code now reads:

"A rehearing or motion for new trial can only be applied for within thirty (30) days from the decree, verdict or judgment sought to be affected, subject, however, to the rules of court prescribing the length of time in which the application is to be made, but such rules in no case shall allow less than ten (10) days for such application. The expiration of a term of court during said period shall not shorten the time allowed."

Prior to the Code Supplement of 1950 this Section read:

"A rehearing can only be applied for at the term of the court at which the decree sought to be affected is rendered."

Thus it is the cases cited by both parties in reference to this motion are bottomed on the Code Section last quoted as it read prior to the 1950 Supplement, which is carried into the present Code under Section 27-201, T.C.A., above quoted.

At the outset it might be reasonable to say the question looks fairly simple. When one reads the various cases, as cited, and others on the related question and text writers on this question, it is not as simple as it looks, because as said above all of these old cases are based on the Code as it was prior to the 1950 Supplement.

The factual situation upon which this motion was based is that the verdict of the jury was entered on June 29, 1960. There appears immediately following the verdict of the jury without the benefit of a paragraph or anything else the following: "Thereupon the defendant, through her counsel of record, moves the Court for a new trial herein, which motion is set for hearing on August 2, 1960." By subsequent entries the motion for a new

trial was reset until December 2, 1960, when the entry shows that the motion was heard and taken under advisement. The motion for a new trial was actually filed on November 25, 1960, that is, the written motion setting out various and sundry grounds wherein it is alleged that error had been committed in the trial of the case. On January 6, 1961, the court entered an order overruling the motion and sentencing defendant and granting her an appeal. Subsequent orders were seasonably made granting additional time in which to file the bill of exceptions.

It is to be observed that in the statement quoted above immediately following the return of the verdict of the jury that there are no grounds stated for the motion for a new trial, the statement merely being that the counsel moves the court for a new trial, or the exact language as quoted above. In Caruthers' History of a Lawsuit, Gilreath, 7th Ed., at page 458, sec. 421, the author says this:

"It is not proper to make the motion as soon as the verdict is rendered. It would generally be offensive to the jury, and an interruption of the regular course of business. Formerly in Tennessee the motion was made orally and a simple statement of the fact entered on the minutes. It contained no particular statement of the ground relied upon for obtaining the new trial. These were stated later in an argument on the motion."

This practice which is here condemned by the author of Caruthers' History of a Lawsuit is apparently the practice that was followed in the instant case. Later in this same Section the author of Caruthers says:

"This practice has been changed. In the exercise of the inherent right of all courts to prescribe reasonable

rules of practice, many of the circuit courts of Tennessee now require that the motion for a new trial be reduced to writing, that it shall contain a specific statement of the grounds relied on for obtaining a new trial, and that the whole be spread on the minutes of the court, and that all errors or grounds for relief not appearing in the motion shall be considered as waived.''

This is a very fair and reasonable statement of the law as it is now and has been devolved over many years of practice in this State.

 There is no, as far as we can find or has been cited, statutory obligation or authority requiring one though to file with his motion for a new trial the grounds therefor. Apparently it has been assumed that necessarily a motion for a new trial would have no meaning unless the grounds therefor were set forth. And, too, the bar generally knows that the trial court has statutory authority (Sec. 16-514, T.C.A.) to make rules of practice deemed expedient and reasonably necessary for the proper trial of cases. We think, too, as has been intimated in many decisions and as is said in the quotation from Caruthers above that the trial court has this inherent power. The most thorough statement in reference to what the rules of the trial court should require and how these rules are to be enforced by an appellate court, that we have found, is in *Railroad v. Johnson,* 114 Tenn. 632, 88 S.W. 169.

 This record does not contain the rules of the Criminal Court of Shelby County. We cannot judicially know what the rules of practice are in this court or any other court of the State, and we will not notice them, and cannot notice them, unless they are proved on the trial below and incorporated in the bill of exceptions, or found

in the minutes of the court. *Brewer v. State,* 187 Tenn. 396, 215 S.W.2d 798. No such rules being incorporated herein we have no knowledge that there are any such rules in this court. This being true and there being no statutory requirement that such grounds be stated when the motion is made, the practice being as it formerly was as is stated from our quotation from Caruthers above, we cannot sustain the motion but must sustain the motion to strike because as far as we know the motion was filed within the rules as prescribed by the court wherein it was heard.

The State in support of its motion herein relies upon the case of *Liner v. Jenkins,* 170 Tenn. 1, 91 S.W.2d 289, as being absolutely in point. In the first place we have to remember that at the time the Liner case was written (1936) the code was not as it now is. In the second place in the Liner case counsel merely gave notice that he was going to move for a new trial. Under such language this Court held in the Liner case that this was not a motion, because it did not specify any errors or grounds whatsoever to comply with the rule of that court which provided that: "motions for new trial, both in jury and non-jury cases, shall specify the errors claimed to have been committed on the trial, or the grounds upon which the motion is based, which shall be entered upon the motion docket and filed with the clerk." This Court likewise said in the Liner case, "Whether or not this would be so independently of governing trial court rules, it is inescapably so, in view of the express requirement * * *" of the rule as last above quoted. Thus it is that the Liner case is not in point.

In *Payne v. Eureka-Security Fire & Marine Ins. Co.,* 173 Tenn. 659, 122 S.W.2d 431, 432, likewise relied upon by the State, the question here is not determined because as the Court said in that case: "However, as to that, it is not necessary to decide because the action of the Court of Appeals in holding the policy indivisible and void is determinative." Thus the two cases cited by the State in support of its motion are not in point.

A fine case cited by the plaintiff in error in support of her motion to dismiss the motion of the State is *McCall v. State,* 167 Tenn. 329, 69 S.W.2d 892, 894, which was a 1934 decision. This case at first blush looks as if it supports absolutely the position of the plaintiff in error, wherein the case holds: "Under the authorities cited, however, the losing party is not required to enter his motion for a new trial until after a judgment is entered." This statement was later, 1937, followed by the Court of Appeals in *McAlester v. Monteverede,* 22 Tenn.App. 14, 115 S.W.2d 257, and the flat statement there made that no motion was required until after judgment was entered. Of course, both of these cases having been decided and determined prior to the Code that was in effect at the time of the indictment and trial in the instant case, they are not governing in view of the language of the Code Section above wherein the motion for a new trial can only be applied for within thirty (30) days "from the decree, verdict or judgment sought to be affected * * *" At the time these last two cases talked about were decided there was no such language in the Code requiring the motion to be made from the decree, verdict or judgment, and they were decided on the Code prior to 1955, which had no such requirement. It is perfectly right and proper for the Legislature to make this change.

 Of course it is perfectly natural and right that a motion should be made after a verdict as well as after a judgment or decree. The verdict is the definitive answer given by the jury to the court concerning the matters of fact committed to the jury for their deliberation and determination. This being true the motion wherein it is charged the jury has erred should be made and set forth to the court before the court pronounces final judgment thereon. Until a judgment is entered upon the verdict of the jury there is no final determination of the matter from which an appeal may be taken, and thus it is that this might bring into play a consideration of Section 27-312, T. C. A., to be read along with Section 27-201, T.C.A., in governing appeals, but we do not reach these questions herein for the reasons stated in the outset of this opinion.

It therefore becomes our duty to overrule the motion to dismiss for failure to comply with Section 27-201, T.C.A., primarily for the reason that no rules of the trial court are set forth herein where it is shown that a motion for a new trial shall be in writing and state the grounds therefor and when they shall be filed. The Section of the Code does not so require.

## On Petition to Rehear

The plaintiff in error has filed herein a very courteous, respectful and able argument for this Court to grant a rehearing in this case.

After carefully reading and re-reading this petition we must say, as it is conceded in the petition, that it is merely a reargument of questions hereinbefore so ably argued

and which to all intents and purposes is really argument that must have been made to the jury and trial court.

Again after considering the questions, we are fully convinced that under our rules of procedure and practice there has been no reversible error committed herein. The result is that the petition to rehear must be overruled.