Malcon Eudean Moore

*v.*

Frances Amalene Moore.

460 S.W.2d 844

(*Nashville*, December Term, 1969.)

Opinion filed October 19, 1970.

Petition for Rehearing Denied December 7, 1970.

Joe P. Binkley and William J. Harbison, Nashville (on appeal), for appellant.

612

John W. Kelley, Jr., Hooker, Keeble, Dodson & Harris, Nashville, of counsel, for appellee.

Mr. Justice McCanless delivered the opinion of the Court.

This, a suit for divorce, is before us to review the action of the Probate Court of Davidson County, as modified by the Court of Appeals after a hearing and adjudication of the issues made by a petition for the writ of error coram nobis and the answer thereto, such proceeding having been had in accordance with a remand directed by the opinion in this case found in *Moore v. Moore*, 222 Tenn. 1, 431 S.W.2d 754 [1968].

Frances Amalene Moore on September 8, 1966, filed her bill for divorce against Malcon Eudean Moore by which she alleged facts on which she relied as grounds

of cruel and inhuman treatment of her by the defendant. Service was had upon the defendant the following day and he delivered a copy of the bill to his lawyer. Conversation and correspondence took place during the next several weeks between counsel for the parties and the defendant's attorney on several occasions urged him to answer the bill but he did not do so and on December 29, 1966, more than three months after service on the defendant the complainant caused judgment *pro confesso* to be entered against him.

At about Christmas time in 1966 the defendant returned to the residence the parties had occupied as their home until the time of their separation and which they own as tenants by the entirety and he thereafter made it his place of abode until some time during the month of July, 1967, when, after he had made an assault on the defendant, for which he was convicted and fined, he left the residence permanently. During this period of about seven months the parties lived in the same house, attended social functions together, entertained friends and acquaintances in the home, and made two visits together to Florida. The defendant testified and insists that during this time the parties resumed marital relations and that the complainant condoned the acts on which she relied in her bill as grounds for her divorce action. She, on the other hand, resists this contention and testified and insists that the defendant was in the home against her will, that they occupied separate rooms, and that she made the Florida visits for business reasons and that, although on one occasion they had stayed in the same room, that was because no other room was available and that they had slept in separate beds.

614

On October 4, 1967, the defendant learned from his bookkeeper and from his insurance agent, who had been summoned as witnesses, that the suit had been set for trial and would be tried the next day. He communicated with his attorney at once and urged him to attend the trial and contest the suit. The attorney told him it was then too late to contest the suit except, after the granting of the decree, to file a petition to set it aside.

On October 5, 1967, the court heard the case, including the testimony of the complainant and other witnesses introduced in her behalf, but neither the defendant nor his attorney appeared and on October 23rd the judge filed a memorandum opinion by which the complainant was awarded an absolute divorce, custody of the child of the parties, title to the residence, $7,500.00 cash, $650.00 a month alimony, $200.00 a month support for the child, and counsel fees.

The trial court found "that the allegations of the petition and assignments of error are not sustained by the proof." The Court of Appeals in their opinion said:

"Since the matter was heard by the trial Court upon oral testimony, with the exception of one witness, the trial Judge was in a much better position than we are to determine which of the parties was telling the truth. It has been held in several cases that the trial Court's judgment is entitled to great weight when the case was heard upon oral testimony and the trial Judge saw the witnesses face to face and heard them testify. (Citing authority.)

"Therefore, we do not feel constrained to disturb the trial Judge's findings and conclusions based upon the credibility of the witnesses in this case."

■ Suits for divorce are treated as chancery suits. *Humphreys v. Humphreys,* 39 Tenn.App. 99, 281 S.W.2d 270. So the concurrent findings by the trial judge and the Court of Appeals are conclusive on this Court. Sec. 27-113, T.C.A.

■ It remains for us to consider whether the advice that the defendant's attorney gave him immediately before the trial of the suit constitutes an error of fact which entitles him to relief under his petition for writ of error coram nobis. The Court of Appeals was of opinion that it did, at least to the extent of reopening the case for the introduction and consideration of testimony on the issue of alimony. With this conclusion we cannot agree. Section 27-702, T.C.A., is as follows:

"The relief embraced in this chapter is confined to errors of fact occurring in proceedings of which the person seeking relief has had no notice, or which he was prevented by disability from showing or correcting, or in which he was prevented from making defense by surprise, accident, mistake, or fraud, without fault on his part. Thus, infancy at the rendition of the judgment, not appearing on the record sought to be corrected, or a real defense to an action by motion, of which the party aggrieved had no notice, and so of like cases, are good grounds for relief under this writ."

The record is replete with testimony which proves beyond question that on several occasions the defendant's attorney urged defendant to defend the suit but that the defendant ignored his advice for more than a year and until, literally, the eve of the trial. There is no question of fact to consider here and whether the attorney's advice was correct advice is not a question of fact

at all but is altogether a question of law. If the advice was incorrect the defendant on that account cannot be afforded relief under the terms of sec. 27-702, et seq., T.C.A.

In *Nailling v. State ex rel. Lynn*, 208 Tenn. 372, 346 S.W.2d 247 [1961], the Court, denying relief under circumstances similar to those of this case, said:

"It is elementary that 'an error of law cannot be reached' through the instrumentality of a writ of error coram nobis. *Dinsmore v. Boyd*, 74 Tenn. 689, 698. 'Errors of law are excluded from the causes for which a writ of coram nobis or coram vobis may issue', citing numerous decisions. 30A American Jurisprudence, page 691.

"Moreover, the writ of error coram nobis can in no instance be available to those who are at fault within the limitations of the case in which that writ is sought. It is a fact that the fault of relators' lawyer must be regarded as the fault of the relators. A very apt observation appears in *Loving v. Dugan*, 4 Tenn.Civ. App. 272, 277-278, as follows:

" 'If a party could have the benefit of the writ of error coram nobis, because of his counsel's failure to introduce material witnesses in the trial of a cause, wherein judgment had been rendered adverse to him, many applications could and would be made, and there would be no end to the setting aside of judgments for such reasons. Litigants must be held to the exercise of reasonable diligence, and where they employ counsel and leave them to conduct their

lawsuits without their presence, they cannot urge the omissions of counsel as a ground for setting aside an adverse judgment by suing out a writ of error coram nobis.' "

In this case we find no "error of fact occurring in the proceedings of which the person seeking relief has had no notice" and the record requires the conclusion that the decree was not pronounced because the defendant was prevented from defending the suit "without fault on his part". We affirm the decree of the Probate Court.

DYER, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.

### OPINION ON PETITION TO REHEAR

MR. JUSTICE McCANLESS.

The petitioner seeks a rehearing; he contends that on the date of the trial his attorney had advised him erroneously that under a local rule of court the judge would not permit his appearance after a default had been entered; that this was an error of fact under *Brewer v. State*, 187 Tenn. 396, 215 S.W.2d 798, and that he should be entitled to relief by the writ of error *coram nobis*. This contention, however overlooks the provision of Section 21-506, T.C.A., which is that "A defendant, who has been served with process, may, at any time before final decree, on good cause shown, obtain from the chancellor, or clerk and master, an order setting aside the decree pro confesso, upon filing a full and sufficient answer and the payment of costs." When there is a conflict between a statute and a rule of court, the statute prevails. The

mistaken advice given the petitioner that he could not make an appearance because of a rule contrary to the terms of the statute that gave him the right to appear and "for good cause shown" have the default set aside constituted an error of law.

We overrule the petition to rehear.