Mary RODRIGUEZ *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 03-300                                                                          137 S.W.3d 432

Court of Appeals of Arkansas
Division I
Opinion delivered December 10, 2003

[Petition for rehearing denied January 14, 2004.]

178

*Atkinson Law Firm,* by: *Richard W. Atkinson,* for appellant.

*Richard Neil Rosen,* Office of Chief Counsel, for appellee.

WENDELL L. GRIFFEN, Judge. Mary Rodriguez appeals from an order terminating her parental rights with regard to her two daughters. She argues that her due-process rights were violated because the case plan did not specify the actions required to be taken by her to eliminate or to correct the conditions that caused her children to be removed from her home. She further argues that the circuit court erred when it admitted a psychological report because the report contained hearsay. We reverse because the statutorily-required case plan was never admitted as part of the record, and because we agree that the circuit court erred in admitting the psychological report.[1]

---

[1] Pursuant to Arkansas Supreme Court Rule 1-2, we attempted to certify this case to the Arkansas Supreme Court because the case appears to involve two issues of first impression. The first issue is: does a trial court commit reversible error when it relies upon the results of a court-ordered psychological examination before the results are introduced into evidence, and where the psychologist does not testify? The second issue is: what is the proper disposition on appeal where reversal is urged based upon the failure to comply with a statute mandating

Appellant's two daughters were removed from her custody after appellee, the Arkansas Department of Human Services, filed an emergency petition for custody. Appellee alleged that appellant home-schooled her children, but was not providing a proper education; that the house was infested with fleas, mice, and other animals, and was "piled with trash"; and that one child suffered from an ear infection because appellant refused to take her to the doctor. After numerous dependency-neglect hearings and a termination hearing, appellant's parental rights were terminated.

During the February 12, 2002 review hearing, appellee objected to the admission of a written psychological profile that was performed by Dr. Paul L. DeYoub, on the ground that the report contained hearsay and did not explain the bases for his conclusions. Appellant also objected to appellee's case plan on the ground that the plan did not specify the actions that she was required to take to eliminate or correct the conditions that caused the children's removal. The circuit court overruled her objections.

During the termination hearing that was held on October 29, 2002, appellee presented no additional witnesses. Appellant presented one witness, a caseworker, who testified concerning the reunification services provided by appellee. The court thereafter terminated appellant's parental rights.

■ Appellant does not challenge the sufficiency of the evidence used to terminate her parental rights. She simply argues that her due-process rights were violated because the case plan was not specific and that Dr. DeYoub's report contained inadmissible hearsay. Grounds for termination must be proved by clear and convincing evidence, or evidence that will produce in the fact finder a firm conviction as to the allegation sought to be established. *See Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). We will not reverse a finding of termination unless it is clearly erroneous. *See* Ark. R. Civ. P. 52(a); *Johnson v. Arkansas Dep't of Human. Servs.*, 78 Ark. App. 112, 82 S.W.3d 183 (2002). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence

---

a case plan in parental-rights-termination cases, but the case plan is not introduced into evidence and thus, is not part of the record on appeal? The Supreme Court denied our request for certification.

is left with a definite and firm conviction that a mistake has been made. *See Gregg v. Arkansas Dep't of Human Servs.*, 58 Ark. App. 337, 952 S.W.2d 183 (1997).

## I. Due Process

Appellant's first argument is that she was denied due process of law because the appellee failed to comply with Arkansas Code Annotated § 9-27-402(c)(5)(A) (Repl. 2002), which provides that when a juvenile is receiving services in an out-of-home placement, the case plan must include at a minimum, "[t]he specific actions to be taken by the parent, guardian, or custodian of the juvenile to eliminate or correct the identified problems or conditions and the period during which the actions are to be taken." Appellant maintains that her due-process rights were violated because the case plan did not provide the specific steps that she would be required to take in order to be reunified with her children.

The existence of the case plan is not in dispute. There was testimony from appellant and a caseworker that the case plan specified that appellant was to allow the children to attend school, to insure that the children received proper medical care, and to maintain suitable housing. Further, Dr. DeYoub noted in his report that there was a case plan and that appellant refused to sign it.

■■ However, we reverse because the trial court erred in determining that appellant's due-process rights afforded by the statutorily-required case plan had not been violated, even though the case plan was not introduced into evidence. On appeal, we cannot determine whether appellant's due-process rights have been violated because appellee failed to introduce the case plan as part of the record below. Therefore, the case plan could not be introduced by appellant as part of the record on appeal. We do not consider matters outside of the record. *See Boswell, Tucker & Brewster v. Shirron*, 324 Ark. 276, 921 S.W.2d 580 (1996). Therefore, we reverse and remand as to appellant's first point.

## II. Hearsay

■ Appellant's second argument is that the trial court improperly admitted a court-ordered psychological evaluation

report.[2] The report, prepared by Dr. DeYoub, was introduced at the February 12, 2002 review hearing. Because proceedings and orders pertaining to termination are a continuation of a dependency-neglect case, the circuit court may consider the dependency-neglect proceedings when ruling on the issue of termination. *See Bearden v. Arkansas Dep't of Human Servs.*, 344 Ark. 317, 42 S.W.3d 397 (2001).

Dr. DeYoub's report contained information based on interviews with appellant, her daughters, and others, several of whom did not testify at the termination hearing. During the review hearing, appellant's counsel conceded that Dr. DeYoub was qualified to conduct the evaluation. However, at the beginning of the termination proceeding, appellant objected to the admission of the report on the basis that it contained certain information that was hearsay and that Dr. DeYoub did not explain the bases for many of his conclusions.

The proceedings turned to the subject of whether appellant had complied with the case plan, then the trial judge returned to the issue of the psychological report, stating, "I've been reading this psychological evaluation from Dr. DeYoub, and I think he has hit the nail right on the head." The judge then quoted verbatim from several parts of the report, noting that Dr. DeYoub concluded in his report that appellant had a "personality disorder" in that she was obsessive-compulsive, paranoid, and passive-aggressive; that she was bright, difficult, demanding, obsessive, and uses rationalization and intellectualization as a defense; and that appellant "has problems getting along with people," and is impaired in "social, occupational and other important areas of functioning."

When appellant personally objected to the report on the basis of hearsay, the judge instructed her, "Ma'am — ma'am, when I've seen it right here with my very own eyes, don't call it hearsay, because I've seen it and my eyes don't lie." The judge also stated that Dr. DeYoub "put in writing what I have been thinking for

---

[2] Appellant also attempts to raise the issue of authentication of the report for the first time on appeal. Generally, we do not consider arguments raised for the first time on appeal. *See Rucker v. Price*, 52 Ark. App. 126, 915 S.W.2d 315 (1996). Therefore, we do not address appellant's argument regarding authentication.

about the past eight months." Thereafter, appellee moved to admit DeYoub's report; the judge at that time admitted the report, and appellant again objected.

The error with regard to the report is twofold. First, as appellant asserts, it was inadmissible hearsay. A hearsay statement is a statement, other than one made by the declarant while testifying at the trial or hearing, that is offered in evidence to prove the truth of the matter asserted. Ark. R. Evid. 801(c). Here, Dr. DeYoub did not testify, but his court-ordered report contained information based on interviews with appellant, her daughters, and others. Because Dr. DeYoub did not testify, it is impossible to determine from the report which of Dr. DeYoub's conclusions were based on his direct observations of appellant, and which were based on the statements of other persons.

Relatedly, it is impossible to determine which conclusions relied upon by the court were based on hearsay, or even double-hearsay, let alone determine if those statements might still be admissible under one of the exceptions to the hearsay rule, such as, for example, that found in Rule 803(4) of the Arkansas Rules of Evidence. Therefore, it was error for the circuit court to admit Dr. DeYoub's report. *See New Empire Ins. Co. v. Taylor*, 235 Ark 758, 352 S.W.2d 4 (1962) (holding the report of doctor who was not present to testify, and whose deposition had not been taken, was properly excluded in action by insured against insurer on accident policy).

Second, the trial judge relied upon Dr. DeYoub's report to make judgmental statements and to reach conclusions concerning appellant *before* the report was admitted into evidence. Thus, she improperly treated the report as evidence before it became part of the official record of the case. Accordingly, we hold that the circuit court committed reversible error in admitting Dr. DeYoub's report.

Reversed and remanded.

ROBBINS and NEAL, JJ., agree.