Kittrell *v.* State.

KITTRELL *v.* STATE.

*(Jackson.* May 5, 1900.)

CRIMINAL PRACTICE. *Imprisonment for misdemeanor.*

It is the exclusive province of the Judge to impose and fix the term of imprisonment for misdemeanors. Hence, where the jury returned a verdict of guilty of simple assault, and fixed, as punishment, a fine of $75, it was not error for the Court to add to this punishment imprisonment in county jail for the term of eleven months and twenty-nine days.

Cases cited: Atchison *v.* State, 13 Lea, 275; Durham *v.* State, 89 Tenn., 723; Wickham *v.* State, 7 Cold., 525.

FROM PERRY.

Appeal in error from the Circuit Court of Perry County. LEVI S. WOODS, J.

SLOAN, GREER & CARTER for Kittrell.

Attorney-general PICKLE for State.

BEARD. J. The plaintiff in error, under an indictment for assault with intent to commit murder in the second degree, was found guilty of a simple assault by the jury, who, in their verdict. fixed his punishment at a fine of $75. This verdict was received by the trial Judge,

Kittrell v. State.

who, not deeming this a sufficient punishment for the offense committed, as disclosed by the proof, thereupon entered a judgment that he pay this fine, and, in addition, that he be confined in the county jail of Perry County for the period of eleven months and twenty-nine days.

The action of the Court in imposing this additional punishment is made the subject of the only assignment of error. There was no error in this. The exclusive power of the Judge, in such a case, to fix the term of imprisonment in the county jail, has been often recognized by this Court. In *Wickham* v. *State*, 7 Cold., 525, the defendant was found guilty of an assault and battery, and the jury fixed his punishment at confinement in the county jail for twelve months and a fine of $500. On this verdict the Court entered judgment. On appeal, it was insisted the verdict was unauthorized, and the judgment was therefore reversible. This Court said that, "having found the defendant guilty of an assault and battery, the jury had the power to fix the punishment of the fine, if they deemed the offense deserved a greater punishment than a fine of $50, but they had no power to fix the term of imprisonment in the county jail; that is a power the exercise of which belonged to the Judge. But what difference can that make in the result? The Court has adjudged that the defendant be imprisoned, and we cannot see that it can make

any difference that this very punishment was sug-
gested to the Court by the jury trying the case."
To the same effect are *Atchison* v. *State,* 13
Lea, 275, and *Durham* v. *State,* 89 Tenn., 723.
In this latter case it was held that the exercise
of this judicial power is not violative of art. 1,
sec. 8, of the Constitution. The ground upon
which this was rested is stated in the opinion
of the Court, and is entirely satisfactory to us.
It need not be restated here.

The judgment of the lower Court is affirmed.