PRESSLY v. STATE.

(*Nashville.* December Term, 1904.)

1. **INTOXICATING LIQUORS.** Gift to minor. Standing permission from parent no defense.

It is no defense to a prosecution for giving intoxicating liquors to a minor that the giver held a written permit from the mother of the minor to give any of her children drinks of whiskey or brandy at any time he might desire to do so; and it is not error to refuse to permit the defendant to introduce such writing in evidence.

Code cited and construed: Sec. 6786 (S); sec. 5673 (M. & V.); sec. 4863 (1858).

2. **MISDEMEANOR.** When statute provides punishment, any other excluded.

When a statute creates a misdemeanor, but is silent as to the punishment, the law provides fine and imprisonment, or either, at the discretion of the court; but where the statute creating an offense prescribes a special form of punishment therefor, any other or additional punishment is excluded.

Cases cited and approved: Atchison v. State, 13 Lea, 275; Wickham v. State, 7 Cold., 525; Durham v. State, 89 Tenn., 723; Kittrell v. State, 104 Tenn., 522; Thompson v. State, 105 Tenn., 177; Robinson & Walker v. State, 2 Cold., 181; State v. Keeton, 9 Baxt., 559; State v. Maze, 6 Humph., 17; State v. Lorry, 7 Baxt., 95; State v. Manz, 6 Cold., 557.

Code cited: Secs. 6437, 7202, 7212 (S); secs. 5347, 6068, 6078 (M. & V.); secs. 4596, 5229, 5237 (1858).

3. **JUDGMENT OF COURT.** Erroneous judgment as to imprisonment corrected in supreme court.

Where the trial court, after properly imposing a fine, erroneously

added imprisonment, the supreme court will modify the judgment by striking out the imprisonment, and affirm the judgment as modified.

Case cited and approved: Griffin v. State, 109 Tenn., 17.

FROM PUTNAM.

Appeal in error from the Circuit Court of Putnam County.—CORDELL HULL, Judge.

JOHN TUCKER, for Pressly.

ATTORNEY-GENERAL CATES, for the State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted and convicted in the circuit court of Putnam county on a charge of giving liquors to a minor without the consent of his parents. He was thereupon sentenced to pay a fine of $10 and to six months' confinement in the county workhouse. From this judgment he has appealed and assigned errors. The statute under which he was indicted is found in Shannon's Code, section 6786, and reads as follows:

"It shall be unlawful for any person or individual, or firm or corporation, whether engaged or not in the manufacture or sale of any spirituous liquors, malt, or mixed liquors, their employees, agents, or servants, or

other persons for them, knowingly to sell, give, furnish to, or procure for, any person under the age of twenty-one years, any spirituous, vinous, or malt liquors, or any mixture thereof with other liquors or ingredients, without the consent of the parents, guardian, or person having the care of such person under the age of twenty-one years."

The punishment is fixed by section 6789, which reads as follows:

"Any person or persons violating the provisions of sections 6786 or 6787 shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than ten nor more than two hundred dollars."

Two objections are made in this court.

The first is that his honor erred in refusing to permit the defendant below to introduce the following paper in evidence, executed by the mother of the minor, viz.:

"Mr. John Pressly: You can give any of my children drinks of whiskey or brandy at any time you may desire to do so. This December 1, 1903.

her<br>
"ANGELINA  X  PALMER.<br>
mark

"Attest: J. L. PALMER."

The mother of the boy was a widow. The child to whom the whisky was given was only 15 years old. The whisky was given to him during the month of July, 1904.

There was no error in the action of the trial judge in rejecting this paper. It was the specific purpose of the

statute to restrain the giving, selling, or furnishing intoxicating beverages to minors, or procuring such beverages for them.   An exception was permitted in case of the consent of "the parents, guardian or person having the care of such" minor.   It was supposed that parents and guardians, and other persons having charge of minors would have concern for and exercise care over the children committed to them in the course of nature or by operation of law, and that they would use discretion in giving or withholding consent in every instance of a proposed gift or sale to such child or children.   To admit the validity of such a general consent as the paper above set out purports to give would not only violate the spirit of the act, but would wholly frustrate the purpose whoch the legislature had in view; since a general consent of this character would be tantamount to a withdrawal of the child or children referred to in such paper from the protection of the act; at least, in favor of the person or persons to whom such writing might be addressed.   If such consent should be held good, no sound reason could be offered against the validity of a writing addressed "to whom it may concern," conferring upon all persons who might choose to take advantage of it, the right to give intoxicating liquors to the children of any parent or guardian sufficiently heedless, or reckless, or wicked to consent to the debauching of the youth under their charge.   The legislature did not intend to sanction such a course of conduct.   Indeed, we believe that the legislature must have intended that a parent, or guardian,

or other person having the care of a minor could give consent that another might give, sell to, furnish to, or procure liquors for, such minor only in cases of emergency; as, for instance, for medical purposes. It was never intended that a general permission should be given to enable minors to use intoxicating liquors as a beverage; on the contrary, authority to sell to, give to, furnish to, or procure liquors for them, is limited to such occasions and emergencies.

The second objection raised against the judgment of the court below is that his honor added imprisonment to the fine, and that he had no legal right to do so.

We are of the opinion that this objection is well taken, and must be sustained.

The rule at common law is thus stated by Mr. Bishop:

"The ordinary common-law punishment for misdemeanors is fine and imprisonment, or either, at the discretion of the court. It is imposed whenever the law has not provided some other specific penalty. For example, when a statute forbids or commands an act of a public nature, but is silent as to the punishment, the common law provides fine and imprisonment." Bishop's New Criminal Law, vol. 1, sec. 940.

The foregoing rule is recognized in several of our own cases (*Atchison* v. *The State,* 13 Lea, 275; *Wickham* v. *The State,* 7 Cold., 525; *Durham* v. *The State,* 89 Tenn., 723, 18 S. W., 74; *Kittrell* v. *The State,* 104 Tenn., 522, 58 S. W., 120; *Thompson* v. *The State,* 105 Tenn., 177, 58 S. W., 213, 51 L. R. A., 883, 80 Am. St. Rep., 875); the

fine being assessed by the court if $50 or under, and by the jury if over $50 (Shannon's Code, sec. 7212) ; and the imprisonment to be fixed by the court (Shannon's Code, sec. 7202). The Code further provides that when the performance of any act is prohibited by statute, and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor. Shannon's Code, sec. 6437.

See, also, *Robinson & Walker* v. *State,* 2 Cold., 181; *State* v. *Keeton,* 9 Baxt., 559.

It has been held, however, that where the statute which creates an offense does not make it indictable, but prescribes a penalty, the specific remedy given, the penalty, excludes the resort to an indictment. *State* v. *Maze,* 6 Hump., 17; *State* v. *Lorry,* 7 Baxt., 95, 32 Am. Rep., 555; *State* v. *Manz,* 6 Cold., 557. It would seem to be true, also, that where the statute creates an offense, and prescribes a special form of punishment, this would exclude any other different or additional punishment.

Such is the present case. The statute does not impose imprisonment, but declares that the punishment shall be a fine of not less than $10 nor more than $200.

We are of opinion, therefore, that his honor erred in imposing the imprisonment. This court, however, has power to modify the judgment by striking out the imprisonment and then affirming it as modified. *Griffin* v. *State,* 109 Tenn., 17, 70 S. W., 61. This course will be pursued, and the judgment will be remanded to be executed as modified.