Rhodes v. State.

## L. J. RHODES *v.* STATE.

'(*Jackson.*   April Term, 1907.)

**POOL PLAYING.**   Written permission for minor to play confined
to the one occasion.

A written permit from a parent cannot justify a resort by a
minor to play games of pool on more than one occasion, and
all the games sanctioned by the parent's permit must be played
on that one occasion, and continuously.   Part cannot be
played one day, and part on another day.

Code cited and construed:   Sec. 6826 (S.); sec. 5710 (M. & V.).

Case cited and approved:   Pressly v. State, 114 Tenn., 534.

### FROM LAUDERDALE.

Appeal from the Circuit Court of Lauderdale County.
S. J. EVERETT, Judge.

W. W. CRAIG, for Rhodes.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was convicted under a present-
ment for permitting a minor to play pool in his house
of entertainment, and sentenced to pay a fine of twenty-

five dollars. From this judgment he has appealed to this court and assigned errors.

The only error assigned is upon the charge of the circuit judge. The portion of the charge excepted to is as follows:

"If you find that Luther Shoffner was, at the time he played the game of pool, under twenty-one years of age, and if you find that the defendant refused to allow him to play until he had gotten a written permission to do so from his mother, and if you find that he thereupon went to his mother to get the order shown before you and to you in the proof, and if he played one game under the authority of that order, on the day he got and delivered it to the defendant, then went back the next day and played two more games, I charge you that the order so delivered the day before and still in the possession of the defendant would not protect the defendant, and he would not have the right to depend upon it, and allow the said Luther Shoffner to play two other games on it the day after it was delivered."

The testimony to which this charge is applicable was, in effect, that the plaintiff in error forbade Luther Shoffner, a person under twenty-one years of age, to play in his house until he should obtain an order from his mother; his father being dead. The order was in the following language:

"*Mr. Rhodes*: let Luther play two or three games of pool.                    MRS. M. L. SHOFFNER."

Rhodes v. State.

This order was given by Mrs. Shoffner, and was hand-ed by Luther Shoffner to the plaintiff in error during the same evening. The boy played one game that evening, and went back the next day and played two more games, and wished to play more; but the plaintiff in error told him that his written order was out, and he could not play any more, and did not play any more. At the time Luther went back and played the two games on the second day, the plaintiff in error still had the written order in his possession.

The statute under which this presentment was found is Shannon's Code, sec. 6826, which is as follows:

"It shall be unlawful for any person engaged regularly, or otherwise, in keeping billiard, bagatelle, or pool rooms or tables, their employees, agents, servants or other persons for them, knowingly to permit any person under the age of twenty-one years to play on said tables at any game of billiards, bagatelle, pool, or other games requiring the use of cue and balls, without first having obtained the written consent of the father and mother of such minor, if living; if the father is dead, then the mother, guardian, or other person having legal control of such minor; or if the minor be in attendance as a student at some literary institution, then the written consent of the principal or person in charge of such school."

It is insisted by the State that the present case falls within the principle of *Pressly* v. *State,* 114 Tenn., 534, 86 S. W., 378, 69 L. R. A., 291, 108 Am. St. Rep.,

921, stating a rule of liberal construction of statutes of this character, for the purpose of protecting the morals of persons under age. We are of the opinion that a similar construction should be adopted of this section, and that no permit from the parent, guardian, or other person in charge of a minor can justify a resort by the minor to any of the places mentioned in the statute quoted on more than one occasion; that all of the games sanctioned by the order must be played on that one occasion, and continuously; and that part cannot be played on one day, and part on another day or days.

There is no error in the judgment of the court below, and it is affirmed.