D. A. BRADLEY *v.* STATE.

(*Nashville.* December Term, 1928.)

Opinion filed July 19, 1929.

BOYD & HUMPHRIES, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

Mr. Justice McKinney delivered the opinion of the Court.

Upon Bradley's plea of guilty to a presentment charging him with possessing intoxicating liquors for the purpose of sale, the jury assessed his fine at $100 and his punishment at thirty days in the county workhouse. The statute provides that the punishment shall be a fine of not less than $100 nor more than $500 and imprisonment for not less than thirty days nor more than six months in the county jail or workhouse.

█ The trial court instructed the jury correctly as to the punishment, and stated to them that they had nothing to do with fixing the imprisonment, but that they could recommend a term of imprisonment, if they saw proper to do so. The trial court, being of the opinion that the term of imprisonment recommended by the jury was inadequate, disregarded their recommendation, and fixed the imprisonment at four months in the county workhouse.

The amount of whisky possessed by the plaintiff in error, for purposes of sale, was 65 gallons.

The error assigned here is the failure of the trial court to follow the recommendation of the jury.

This court has uniformly held that it is the exclusive province of the judge to impose and fix the term of imprisonment in misdemeanor cases. *Kittrell* v. *State*, 104 Tenn., 522.

It follows that the trial judge cannot delegate that duty to a jury.

█ There is no impropriety, however, in calling upon the jury for a recommendation in the matter, but the judge is in no sense bound by their recommendation and

should impose such punishment as he deems the offense merits. Where advice is sought it does not necessarily follow that it will be acted upon when received.

In *Reams* v. *Bd. of Mayor, etc., of McMinnville,* 153 Tenn., 411, it was held that where a school board was empowered to select a site for a school building, and submitted the question to a vote of the citizens, their decision was only advisory and not binding upon the board.

In Gibson's Suits in Chancery (New), Section 552, it is said that where the Chancellor orders a jury on his own motion to get their opinion on some important fact their verdict is only advisory and not binding upon the Chancellor. This principle is applicable in criminal as well as in civil cases.

If the plaintiff in error was entitled, as a matter of right, to have the term of imprisonment fixed by the jury, the situation would be different. But in this case the plaintiff in error has been deprived of no legal right, and his complaint is without merit.

Affirmed.