# McCall v. State.

Opinion filed March 31, 1934.

CHARLES EMBRY, CHARLES H. RUTHERFORD, and JAMES W. RUTHERFORD, all of Nashville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error has been convicted of assault and battery and his punishment fixed at a fine of $100 and confinement in the county workhouse for a period of 11 months and 29 days.

The case comes before us in such plight as will render a consideration of the facts unnecessary.

Plaintiff in error was indicted along with several other boys charged with the murder of one Justin Hinkle. Upon the first trial of the case the other boys were acquitted, but plaintiff in error was found guilty of involuntary manslaughter and given a sentence of from one to five years in the penitentiary. He was, however, awarded a new trial. Upon the second trial of plaintiff in error, the jury returned a verdict as follows:

"That they find the defendant guilty of assault and battery and fix his punishment at a fine of $100, together with confinement in the county workhouse for a period of 11 months and 29 days."

The minute entry shows that the jury was thereupon discharged and "the defendant by his attorney moved the court for a new trial which motion the court continued for argument." The aforesaid verdict was returned at

the May term, 1933, and the minute entry made on the same day, to-wit, May 11, 1933. It appears that no formal or written motion for a new trial was filed at that time or thereafter.

The next minute entry with respect to this case appears on June 17, 1933, at the same term, and is in these words:

"Came the Attorney-General, who prosecutes for the State, and the defendant in person, thereupon it appearing to the court that the defendant has failed to file his motion for a new trial in the time allowed by law within 30 days from conviction and has filed no written motion for new trial at all, it is therefore considered by the court that the judgment of the court heretofore entered on May 11, 1933, be and the same is hereby carried into execution and that defendant be delivered to the keeper of the county workhouse in whose custody he shall remain for a period of 11 months and 29 days, commencing on the date of his delivery to the keeper thereof, and that he also pay a fine of One Hundred Dollars, together with the costs of this prosecution. That he pay said fine and costs or that he pay the same at the rates of labor allowed by law subject to rules and regulations of said institution."

To this judgment and ruling of the court the defendant excepted and prayed an appeal, which was granted, and defendant given until July 1, 1933, in which time to perfect his appeal.

On July 1, 1933, at the same term of court, the record shows this minute entry:

"*State of Tennessee* v. *Robert McCall*

"In this cause comes the Defendant, and moves the Court to vacate the appeal heretofore prayed on June

17, 1933, so as to permit him to move the Court for a new trial to the action of the Court on June 17, 1933, and to vacate and set aside that part of the judgment wherein the Court added a term of imprisonment of 11 months and 29 days to the verdict of the jury on the following grounds:

"The Court was without power and authority to add said term of imprisonment when more than 30 days had expired from the date of the verdict of the jury.

"The Court is pleased to and does overrule said motion, but will permit him to file a copy of said motion with the clerk and the Defendant is given fifteen days additional time from July 1, 1933, to perfect his appeal."

It will be observed from the entry of July 1, 1933, that the defendant moved the court to vacate the appeal so as "to permit him to move the Court for a new trial . . . and to vacate and set aside that part of the judgment wherein the Court added a term of imprisonment," etc.

As we interpret the language used, this was an application to have the court vacate the appeal and permit a motion for a new trial and also an application to have the court vacate and set aside that part of the judgment adding a term of imprisonment.

We think the court acted well within its discretion in denying so much of this application as challenged the authority of the court to add the term of imprisonment. No judgment whatever had been entered in the case. Only the verdict of the jury had been entered. So much of that verdict as undertook to add a term of imprisonment by way of punishment for this misdemeanor was mere surplusage. Code, section 11765; *Bradley* v. *State,* 159 Tenn., 432, 19 S. W. (2d), 260.

It is customary for a judgment to be entered upon the return of the verdict. This, however, is not necessary. The court may enter an appropriate judgment upon the verdict at any time during the term or, if the matter is overlooked, at a subsequent term. *Dunn* v. *State,* 127 Tenn., 267, 154 S. W., 969; *Greenfield* v. *State,* 66 Tenn. (7 Baxt.), 18.

We think, however, that the application of the defendant below to vacate his appeal improvidently taken and to be permitted to file a motion for a new trial should have been allowed.

A motion for a new trial may be filed after the return of verdict and before judgment is entered. *Louisville & N. Railroad Co.* v. *Ray,* 124 Tenn., 16, 134 S. W., 858, Ann. Cas., 1912D, 910; *Dunn* v. *State, supra.* Prior to chapter 65 of the Acts of 1885, a motion for a new trial was permissible at any time during the trial term. Since that statute, although the term lasts longer, such a motion must be filed within thirty days of judgment. *Ellis & Gresham* v. *Ellis,* 92 Tenn., 471, 22 S. W., 1; *Feldman* v. *Clark,* 153 Tenn., 373, 284 S. W., 353; *Louisville & N. Railroad Co.* v. *Ray, supra.* Under the authorities cited, however, the losing party is not required to enter his motion for a new trial until after a judgment is entered.

For the reasons stated, the judgment is reversed and the case remanded for a new trial.