JAMES *v.* STATE.

(*Jackson,* April Term. 1954.)

Opinion filed May 21, 1954.

JOE H. WALKER, JR., of Ripley, WILS DAVIS, and L. E. GWINN, both of Memphis, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

Mr. Justice Tomlinson delivered the opinion of the Court.

In each of these two cases tried together James was convicted of assault. Fine was fixed in each case by the jury at $50. The Court added a jail sentence of sixty days. The first of the two assignments of error upon which this appeal is based is that the Court erred in failing to hold that James made a seasonable demand for the jury to fix the sentence, if any, in each case.

The only reference made by James during the trial to the fixing of the sentence by the jury occurred during his argument of the case when he said this:—

"If he is guilty of anything at all he can only be guilty of simple assault. If you find him guilty at all, you will find him guilty of only simple assault; and if you find him guilty of this misdemeanor, I ask that you fix his punishment. If I am wrong in this statement, I ask that opposing counsel stop me now."

By Section 11765 of the Code Supplement it is provided that in misdemeanor cases the jury shall fix the time of imprisonment, as well as the fine, upon demand of defendant seasonably made.

The trial of the case is in charge of the trial judge. It is he who instructs the jury as to their authority in the fixing of the punishment in the event of

guilt. Obviously, the demand that the jury fix the sentence is a demand that can properly be made only to this trial judge.

An additional reason for the overruling of this assignment of error is the fact that the trial judge in his charge to the jury stated that he, the trial judge, will fix the punishment, except in so far as the fine should be in excess of $50. This was sufficient to put the attorneys of James on notice that the Court did not consider that a demand for the jury to fix the sentence had been properly made. Yet, in the face of this charge these attorneys said nothing to correct what they now insist was an error upon the part of the trial court.

The minutes of March 1, 1952 recorded the jury's verdict which was that "We the jury find the defendant guilty of assault and fix his fine at $50.00". No judgment was then entered upon that verdict. At a subsequent term judgment was entered in each case pursuant to the verdict with a jail sentence of sixty days, concurrently running, fixed. The second and final assignment of error is that the Court was without jurisdiction at such subsequent term to enter this judgment.

It is evident from the cases cited in the brief of plaintiff-in-error that he is relying upon those cases in which it is held that once a final judgment has been entered the Court has no further jurisdiction at a subsequent term over that judgment. In the case at bar only the verdict was entered on the minutes prior to the entry of the judgment to which this assignment of error is directed. When nothing but the verdict has been entered upon the minutes, the Court may enter judgment thereon at a subsequent term. *State ex rel. Underwood* v. *Brown*, 193 Tenn. 113, 119, 244 S. W. (2d)168; *McCall* v. *State*, 167 Tenn. 329, 332-333, 69 S. W. (2d) 892.