Raymond JONES, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Aug. 19, 1971.

On Petition to Rehear Sept. 3, 1971.

Certiorari Denied by Supreme Court Feb. 7, 1972.

Thomas Boyers, IV, and J. C. McMurty, Gallatin, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, O'Brien Price, Dist. Atty. Gen., Springfield, J. Dennis Sanders, Special Prosecutor, Gallatin, for defendant in error.

OPINION

DWYER, Judge.

From the verdict of the jury in the Circuit Court of Sumner County finding him

guilty of simple assault with punishment assessed at confinement for twelve months in the county jail and no "fine", Raymond Jones appeals from the judgment that was entered on the verdict.

The facts reflect that Jones went by his former wife's home on the Sunday afternoon of March 30, 1969. He was driving his truck which he parked in front of the home, walked into the driveway and entered an automobile that, as a result of the divorce, was in possession of the ex-wife. He started the car with her running outside in an attempt to stop him. He pointed a pistol at her and made threats that he would kill her. He continued, backing over her child's tricycle and left. The officers were called with the ex-wife informing them about the threats and Jones being armed. In a short time Jones drove back up to the residence with the officer pulling in behind. The ex-wife started a search of the car with Jones pulling her into the car, driving off, almost striking the officer, and causing a high-speed chase ending in the forcible arrest of Jones. The evidence further reflects that a friend of the mother of the ex-wife had contacted Jones between his original and second trip to the residence and had talked him out of the pistol. The sheriff related that hours after the incident Jones, at the hospital, informed him he was going to kill a judge and his ex-wife. An unbiased reading of the record conveys that Jones, caught up in divorce proceedings and its aftermath, caused him to lose control of his emotions. We are further satisfied from the proof offered by the State and its veracity, authenticated by the jury's verdict, is justified. We view this record and the sufficiency of the proof with settled law that the defendant in this court is under a presumption of guilt and he has the burden to show by a preponderance of the evidence that it is in favor of his innocence and against his guilt. See Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768. The urging of the defendant in his first two assignments is that the jury should

have accepted his version of the events and not that of the State's because of the contradictions found therein. As we view this record the defendant himself acknowledges he had the pistol, he took it from the truck to the car, it had shells in the clip, and a witness called by him testified the pistol would shoot. His statement to the sheriff hours afterwards reflects upon his intent at the time when he pointed the pistol at the prosecutrix. The intent necessary to constitute the offense of assault is amply borne out by the facts and circumstances found in this record. See Richels v. State, 33 Tenn. 606. There is a sufficiency of the evidence to support a conviction of assault in this record. The assignments are accordingly overruled.

He next contends the court erred in overruling his motion to quash the indictment because the bond was excessive and therefore violative of his constitutional guarantees. The office of a motion to quash is to reach a defect upon the face of the indictment. See State v. Davis, 204 Tenn. 553, 322 S.W.2d 232. The indictment in this record is regular upon its face. The assignment is overruled.

He next contends the court erred in accepting the verdict, in that it was void because the punishment was for twelve months in the county jail and the jury failed to assess a fine as set by T.C.A. § 39–603. The State urges remand in order for the trial court to assess a fine of fifty dollars. The urging is that this imposition of a fine would make the verdict and judgment then compatible with the mandates found in T.C.A. § 39–603, that is, when the jury is of the opinion that the offense merits punishment less than a year a fine must be imposed.

What both the State and defendant overlook is the clear, unequivocal verdict of the jury in finding the defendant guilty of simple assault, which is a misdemeanor, for which punishment is prescribed in T.C.A. § 39–105. In the bill of exceptions the trial court properly charged the jury on the

misdemeanor offenses embraced in this indictment and, that is, assault and assault and battery. He further clearly charged the jury the punishment for both offenses in accordance with the statute. He clearly, by his charge, instructed them that if they found the defendant guilty of one or the other misdemeanor the only jurisdiction they had was to assess a fine not exceeding one thousand dollars. He further clearly instructed them that any imprisonment for these offenses addressed itself exclusively to the court. In the absence, and we can find none in this record, of the defendant requesting the jury to fix all the punishment (see T.C.A. § 40–2704) the court had the prerogative of setting the punishment (imprisonment).

The jury found Jones guilty of simple assault, "recommended" a twelve month jail sentence, and reported that it wanted no fine set. The trial judge pronounced judgment upon the verdict, setting punishment at twelve months.

The recommendation of the jury relative to a jail sentence was merely that, and can be treated as surplusage. Bradley v. State, 159 Tenn. 432, 19 S.W.2d 260; McCall v. State, 167 Tenn. 329, 69 S.W.2d 892. See also Curtis v. State, 211 Tenn. 24, 362 S.W.2d 250. The trial judge, of course, had the power and duty to set a jail sentence, in his discretion; and he chose to do so, and set twelve months.

■ The jury could have set a fine of over fifty dollars, but did not have to. They could validly return a verdict of "guilty" and leave the question of a small fine (or no fine at all) and/or imprisonment to the judge. McKinnie v. State, 214 Tenn. 195, 379 S.W.2d 214. Apparently, the jury in the case sub judice wanted no fine set, and so said. The pertinent statute, T.C.A. § 39–105, describes the punishment as imprisonment *or* fine *or* both, in the discretion of the court. We know of no requirement that a fine *must* be levied. Certainly, the plaintiff-in-error cannot be heard to complain that one was not. The

verdict of guilt was clear. The power of the trial court to set a jail sentence upon a jury finding of guilt of a misdemeanor is independent of any action or recommendation of the jury, where no request is made under T.C.A. § 40–2704 to have the jury set the whole punishment. This assignment is overruled.

In passing, his last contention is that the court erred in not striking the special prosecutor's argument, in that it was inflammatory and prejudicial. We weigh this assignment in the light that the argument is not found in the bill of exceptions. It cannot be reviewed. See Beadle v. State, 203 Tenn. 97, 101, 310 S.W.2d 157. The assignment is overruled.

RUSSELL and MITCHELL, JJ., concur.

### ON PETITION TO REHEAR

There has been a petition to rehear filed in this matter. The petitioner, Raymond Jones, alleges he is and was much aggrieved by our opinion rendered August 24, 1971, affirming his conviction of simple assault in the Circuit Court of Sumner County. He contends basically in this petition that: (1) he be allowed to withdraw his appeal; and (2) that this matter be remanded back to the Circuit Court of Sumner County. We note petitioner's brief in this matter was filed on June 2, 1970, and oral argument was had on May 5, 1971, and submitted his appeal for the disposition as afore-related.

■ The office of a petition to rehear is to call the attention of the court to matters of fact or law which were overlooked. See Caruthers History of a Lawsuit, 8th Edition, § 460, p. 528.

The petition to rehear points out no matter of law or fact overlooked. It is therefore denied at petitioner's cost.

RUSSELL and MITCHELL, JJ., concur.