STATE of Tennessee, Appellee,

v.

Claude Lee TODD, Appellant.

Court of Criminal Appeals of Tennessee, Jackson.

Nov. 25, 1981.

Permission to Appeal Denied by Supreme Court March 15, 1982.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, James F. Arthur, III, John Fowlkes, Asst. Dist. Attys. Gen., Memphis, for appellee.

William C. Moore, Jr., Joe B. Jones, Asst. Public Defenders, Memphis, for appellant.

## OPINION

WALKER, Presiding Judge.

In the first count of a two-count indictment, the appellant, Claude Lee Todd, and Raymond Earle Poole were charged with robbery by means of a deadly weapon. In the second count the appellant was charged with being an habitual criminal. The case was severed as to Poole and he testified for the state.

On the appellant's trial, the petit jury found him guilty of robbery by means of a deadly weapon and fixed his punishment at 17 years in the penitentiary. After a separate hearing on the habitual criminal count, it found him guilty and, in accordance with the verdict, the court sentenced him to life imprisonment. We find no reversible error on this appeal and affirm the conviction.

We first examine the challenge to the sufficiency of the evidence.

The state's evidence, which the jury accredited, showed that, at about 10:30 p. m., Raymond Poole made some purchases at the Safeway store on Covington Pike in Memphis and later returned at about 11:55 p. m. At that time he held a pistol on Michael Casey and Troy Watkins, Safeway employees, and forced them to place approximately $4500 in a mailbag. Poole told Casey that they were going to the Taco Bell (a nearby restaurant) and he forced the employees to accompany him with the money. Before they reached the Taco Bell, a Memphis police officer arrived and Poole was apprehended.

Shortly before the robbery, Judy Sipes, an employee of Taco Bell, saw a pickup truck, later identified as belonging to Poole, drive around the restaurant and park at several places. The driver got out and came to the restaurant door but was told that it was closed for the evening. In court Ms. Sipes identified the appellant as the driver. Pretrial she identified the appellant twice from displays of four and six photographs although she did not pick him from a lineup.

Dagney Christensen and Gerald Wardlaw also observed the truck at the Taco Bell and identified the appellant as the driver. Ms. Christensen first saw two people in the truck, but the driver left and the passenger took his seat. Both of these witnesses made in-court identifications of the appellant as the driver. Pretrial each selected the appellant's picture from a group of photographs but they failed to pick the appellant at the lineup.

Another Taco Bell employee called her father, Frank A. Fracchia, a court officer for the Memphis Police Department. He chased the truck but the driver abandoned it and got away.

Raymond Poole, testifying for the state, admitted the robbery and said that Todd had called him about 9:00 p. m. the night of the crime and said that he urgently needed money. Poole then went to the house occupied by Todd and his girl friend, Rita Jaffe. Poole and Todd rode around in Poole's truck looking for a place to rob. Todd had brought a pistol. Poole went into the Safeway store to "case" it. Todd was to wait for him in the parking lot at the Taco Bell while Poole robbed the store.

Poole's wife testified that she called Todd after the robbery to see if he could help get bail money for her husband. A telephone conversation between Mrs. Poole and the appellant was taped by officers. Its substance was that Todd would make every effort to help Poole because Poole could get him in a lot of trouble.

The appellant did not testify. His girl friend said that she left their house about 8:00 p. m. at which time the appellant was watching television. On her return about 12:30 a. m., he was still watching television.

Susan Serrill said that the appellant was with her from shortly after 10:00 p. m., the night of the robbery, until about midnight. She said that she drove him to see Joe Taylor. In his testimony, Taylor said he recalled the visit at about 11:00 p. m. that weekend but did not remember the date.

An officer testified that Poole had said that he "would snitch on his own mother for a deal."

The evidence, accredited by the jury, reflects that while his accomplice, Raymond Poole, robbed the Safeway store at gunpoint, the appellant slowly cruised the area in a truck waiting to pick up Poole. The appellant and Poole planned the robbery and the appellant furnished the pistol and remained at the scene to aid Poole. The appellant's witnesses sought to establish an alibi. The jury chose to believe the state's witnesses.

The accredited evidence is abundantly sufficient to warrant the conclusion beyond a reasonable doubt that Todd aided and abetted Poole in the robbery and therefore may be convicted as a principal. See *State v. Cabbage*, 571 S.W.2d 832 (Tenn. 1978); TCA 39–109.

As to the habitual criminal charge the record shows that Todd had five prior felony convictions of the type of crimes that trigger habitual criminality under our statutes.

The issue on the sufficiency of the evidence is without merit.

■ Complaining of prejudicial evidence admitted against him, the appellant contends that it was error (1) for the prosecution to elicit from the witness, Poole, that the accused made his living selling drugs; (2) for Poole to be permitted to describe his relationship with the appellant as "drug oriented" when this was not material or relevant to this prosecution; (3) to permit Poole to testify on redirect examination concerning the prosecution for mail fraud and that one of his codefendants was the appellant's girl friend; (4) to permit Mrs. Poole to testify that her codefendant in the Florida mail fraud case was appellant's girl friend; and (5) to permit the arresting officer to describe the physical condition of the accused, i.e., he was under the influence of drugs and drugs were confiscated.

None of these issues were included in the motion for a new trial. In addition, no contemporaneous objection was made as to any except the first. The objection there was that it was improper redirect examination.

By virtue of Rule 3(e), T.R.A.P., the appellant is not entitled to a review of these issues since they are waived. See *State v. Durham*, 614 S.W.2d 815 (Tenn.Cr.App. 1981).

Finally, the appellant contends that the trial court erred by dismissing his motion for new trial on the grounds of newly discovered evidence.

In support of his motion, the appellant filed his affidavit, which was the only affidavit submitted, to the effect that a fellow jail inmate, James McLamb, before trial told him that he (McLamb) had information about the Safeway store robbery that would be helpful to the appellant, but that he would not divulge it until after his two pending armed robbery charges had been disposed of in court. After appellant's conviction McLamb pleaded guilty to his charges and then told appellant that he (appellant) was doing time for him and that McLamb was the driver of Poole's truck;

that he would like to clear the Safeway store matter prior to serving his present sentences and would give a statement of his involvement if a negotiation on a settlement could be reached with the district attorney general.

On the hearing of the motion for a new trial, defense counsel sought to call McLamb and his attorney as witnesses. The court sustained the state's objection on the ground that *Ross v. State*, 130 Tenn. 387, 170 S.W. 1026 (1914), requires an affidavit of a proposed witness' testimony.

■ We do not think this is necessary under all circumstances. Counsel here explained his difficulty in obtaining an affidavit from McLamb and it was a matter of discretion whether or not the court would hear him without his affidavit.

Rule 33(c), Tenn.R.Cr.P., with reference to new trial, says:

"(c) Affidavits. Affidavits in support of a motion for a new trial may be filed with the motion or an amended motion. If filed, they shall be considered as evidence by the court.... *The court may in its discretion allow testimony in open court on issues raised in the motion for a new trial.*" (emphasis added)

This was a matter of discretion and we do not think the trial judge abused that discretion by declining to hear McLamb.

■ The trial judge denied the motion for newly discovered evidence on the ground that there was no showing of due diligence on the part of the appellant in obtaining it. The sole affidavit does not indicate that the appellant brought the information he had to his counsel before trial. The record does not show that appellant or counsel tried diligently to obtain the information before the hearing on the new trial motion. There is no evidence that counsel could not have been obtained for McLamb before the new trial motion to advise him on his self-incrimination. There is no affidavit reflecting what steps were undertaken to obtain the information. There is no affidavit showing why the court was not apprised of the situation sooner.

The denial of a motion for a new trial on the basis of newly discovered evidence is proper when the motion is not supported by affidavits showing diligence on the part of the defendant and his counsel. *Ross v. State,* supra. The decision to grant or deny a new trial on this basis is a matter within the sound discretion of the trial judge. *Jones v. State,* 519 S.W.2d 398 (Tenn.Cr.App.1974). We do not find abuse of that discretion here.

Affirmed.

TATUM and CORNELIUS, JJ., concur.