**STATE of Tennessee, Appellee,**

v.

**Dedrick MAYS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 15, 1983.

Margaret H. Tucker, Somerville, for appellant.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, J. Kerry Blackwood, Elizabeth T. Rice, Asst. Dist. Attys., Somerville, for appellee.

## OPINION

TATUM, Judge.

The defendant, Dedrick Mays, was convicted of two counts of burglary in the second degree for which he was sentenced to nine years imprisonment on each count. The two sentences were ordered to run consecutively. On this appeal, the defendant says that a search and seizure was unlawful, that he should have been acquitted of one charge on newly discovered evidence, and that the sentences imposed were excessive. We find no merit in these issues and affirm the judgment below.

We first address the issues concerning the search and seizure. Though the defendant does not question the sufficiency of evidence adduced at trial, we will briefly relate the facts leading to the search and seizure.

The defendant was convicted of burglarizing the home of Lloyd Shelton, in Fayette County during the day of September 20, 1982. He was also convicted of burglarizing the home of Sherry Rosser in Fayette County sometime during the day of September 21, 1982. Entry was gained in both cases by prying open doors. When Mr. Shelton discovered the burglary during the late afternoon of September 20, he found that many items of property were missing. Among them was a Memphis Technical School class ring bearing the initials "DT" and a stick pin bearing the initial "D."

When the Rosser burglary was discovered on the late afternoon of September 21, the owners learned that many items of personal property were taken. Among other things, a Fayette County Academy class ring bearing the initials "SLM," was missing.

Detailed descriptions of the stolen property were furnished to the police by both victims.

Officer Jeff Holt of the Fayette County Sheriff's office, with the cooperation of the Shelby County Sheriff's office, learned from Mr. Daniel W. Fowler, proprietor of Daniel's Jewelers in Memphis, that a woman named Mary Phillips had sold to him the ring stolen at the Lloyd Shelton residence on September 22, 1982. On the basis of this information, Shelby County Officers obtained a warrant to search the apartment of Ms. Phillips.

Officer Holt and Shelby County Officers went to the apartment complex in which Ms. Phillips resided armed with the search warrant. Ms. Phillips was not at home when the officers arrived but, before they left, Ms. Phillips arrived at the apartment complex parking lot in an automobile driven by the defendant and owned by the defendant's mother. Ms. Phillips and the defendant entered the building and were found by the police officers in a neighbor's apartment. From there, they adjourned to Ms. Phillips' apartment where she told the officers that she had obtained the jewelry sold to Daniel's Jewelers from the defendant. Acting on this information, the defendant was arrested.

The officers went upon the parking lot and observed the stick pin with the initial "D" hanging on a chain attached to the rear-view mirror of the defendant's mother's car. The stick pin had been stuck into a gold chain and was in open view with other jewelry. The officers observed the stick pin through the front windshield without entering the automobile. The officers returned to Ms. Phillips' apartment and obtained the car keys from the defendant, with which they opened the locked trunk of the car and found other property taken in these two burglaries. They seized the stick pin and other jewelry hanging from the rear-view mirror, as well as the stolen property found in the trunk of the car. When the officers first saw the stick pin, the windows of the automobile were down and the doors were unlocked. It was later determined that Ms. Phillips had sold the class ring taken from the Rosser burglary and other stolen jewelry when she sold the Shelton ring to Fowler. The defendant insists that the warrantless search and seizure of his automobile violated his Fourth Amendment rights and that the fruits of the unlawful search should have been suppressed in evidence.

■ We do not agree that the finding of the stick pin was a "search" in the constitutional sense. The officers were lawfully on the premises with a warrant to search the apartment of Ms. Phillips. She lived in an apartment complex and the defendant lived elsewhere. The automobile was parked on the apartment complex parking lot. The record does not suggest that the officers or other persons had no right to be there; the circumstances are to the contrary. The observation of the stolen stick pin was made by the officers without resort to extraordinary means. The stick pin was in clear view of any observers who stood out-

side the automobile and looked through the front windshield. See *State v. Byerley*, 635 S.W.2d 511 (Tenn.1982), which is similar to this case. In *Byerley*, our Supreme Court observed that an official who is rightfully present, may look into a car window without intruding upon the defendant's expectation of privacy, and the fact that he deliberately looks does not transform a mere observation into a search. *Id.* at 514.

■ At the time the officers observed the stolen stick pin, they knew of the Shelton burglary and that the stick pin and other items, some bulky, had been taken in the burglary. They also knew that Ms. Phillips had sold a class ring stolen in the Shelton burglary and Ms. Phillips had told the officers that she obtained the class ring from the defendant. With this information, they observed the stolen stick pin inside of the defendant's automobile; the officers thus had probable cause to believe that other items of stolen property were in the trunk. They had a lawful right to make a warrantless search of the automobile if exigent circumstances existed. *State v. Shrum*, 643 S.W.2d 891 (Tenn. 1982).

■ We find that exigent circumstances existed. As stated, the automobile was parked on the parking lot where Ms. Phillips resided. Ms. Phillips was not arrested and it was known that she was an associate of the defendant and had sold jewelry that had been taken in the Shelton burglary. She was not under arrest and the automobile was parked at her apartment complex. There was a risk that Ms. Phillips would remove the property from the car. Also, the automobile was unlocked, except for the trunk, and the windows were down. Any person could have taken the stick pin and the jewelry with it had the car been left on the parking lot. Further, the automobile belonged to the defendant's mother and there was a risk that she would remove the automobile. The risk of delay to obtain a warrant was high. We hold that the search and seizure of the items inside the automobile and the trunk was lawful.

Once the officers made a lawful search for items stolen in the Shelton burglary, evidence was admissible of the finding of property they recognized as having been stolen in the Rosser burglary. All the items of stolen property were in plain view and were lawfully seized. *Armour v. Totty*, 486 S.W.2d 537 (Tenn.1972).

The defendant next states that the court erred in denying him a new trial or a judgment of acquittal despite four affidavits attached to his motion for a new trial. These affidavits purported to establish an alibi for the defendant on September 20, 1982, which was the day of the Shelton burglary.

The affidavits reflect that before trial defense counsel attempted to establish the whereabouts of the defendant on September 20 and 21, 1982, through the defendant, the defendant's mother, and their friend, Mary Phillips. Defense counsel was unable to obtain any definite information as to his whereabouts on the day of these two burglaries. After the defendant was convicted, the defendant's mother remembered that the defendant had taken her to work between 10:00 and 11:00 on that morning and came after her at 5:00 P.M. with four new tires on the car. Another lady made an affidavit that the defendant came by her house at 11:00 A.M. in his mother's automobile, telling her that he had to buy new tires for his mother's car. He left her company at 11:20 A.M. and returned to her house about 1:00 P.M. and took her to the grocery store, driving her home at about 2:45 P.M. She also stated that at 9:00 A.M. on September 20, she telephone the defendant's mother's house and he answered the phone. The defendant lived in Memphis with his mother.

■ Motions for a new trial based on newly discovered evidence rest within the discretion of the trial court. *Jones v. State*, 519 S.W.2d 398 (Tenn.Cr.App.1974). Such motions are disfavored. It is not error for a trial judge to deny a new trial on the basis of newly discovered evidence where it appears that reasonable diligence has not been exercised by defendant or

counsel in the procurement of witnesses at the original trial. *Hawkins v. State*, 220 Tenn. 383, 417 S.W.2d 774 (1967); *State v. Todd*, 631 S.W.2d 464, 467 (Tenn.Cr.App. 1981). In this case, the Shelton residence was burglarized on September 20, 1982 and the Rosser residence was burglarized on September 21, 1982. The defendant was arrested on September 27, 1982, only one week after the first burglary. He went to trial on December 13, 1982. In view of the short period between his arrest and the Shelton burglary, we find that the defendant did not show due diligence in establishing an alibi defense before trial. The defendant did not testify at trial and furnished no affidavit as to his whereabouts with the motion for a new trial. The trial judge did not abuse his discretion in not granting a new trial. This issue is without merit.

The defendant next complains that the trial judge fixed excessive sentences. The trial judge struck a notice of intent to seek classification of the defendant as a persistent offender subject to Range II punishment, because the State did not fully comply with T.C.A. § 40–35–202. The trial judge therefore sentenced the defendant as a Range I offender, and imposed the maximum punishment permitted for Range I offenders. Second degree burglary is punishable by imprisonment of not less than 3 years nor more than 15 years. T.C.A. § 39–3–403(b)(1). The range of Range I offenders is not less than the minimum sentence established by law, and not more than the minimum sentence plus one-half of the difference between the maximum sentence and the minimum sentence. T.C.A. § 40–35–109(a). Thus, the sentence imposed was permissible.

The defendant says that T.C.A. § 40–35–103 requires a less severe sentence to achieve the purpose for which the sentence is imposed. His argument ignores the provisions of § 40–35–103(1). The defendant had been convicted of petit larceny, violation of the Dyer Act, attempt to commit a felony, receiving and concealing stolen property. He also had a history of juvenile offenses and a history of unwillingness to comply with the conditions of a sentence involving release in the community. See T.C.A. § 40–35–111(1), (8). T.C.A. § 40–35–103(2) does not prohibit the trial judge from considering the enhancement factor specified in T.C.A. § 40–35–111. The determination of the trial judge in performing sentencing functions is discretionary. *Jones v. State*, 477 S.W.2d 227 (Tenn. Cr.App.1971). The sentences imposed by the trial judge were within the range authorized by law; thus, there was no abuse of discretion. The defendant does not complain of the consecutive sentences.

Finding no error, we affirm the judgment of the trial court.

WALKER, P.J., and BYERS, J., concur.