FILED

05/14/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 14, 2020 Session

## RUDOLPH MUNN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County
No. 80282, F-35862 Royce Taylor, Judge**

_____

### No. M2018-02240-CCA-R3-ECN

_____

In 1999, a jury convicted the Petitioner, Rudolph Munn, of killing his college roommate, Andrew Poklemba. State v. Munn, 56 S.W.3d 486, 489 (Tenn. 2001). This court affirmed his conviction of first-degree premeditated murder, see State v. Rudolph Munn, No. 01C01-9801-CCA-00007, 1999 WL 177341, at *1 (Tenn. Crim. App. Apr. 1, 1999); however, a dissenting judge would have remanded the matter for a new sentencing hearing. Id. (Tipton, dissenting). The Tennessee Supreme Court agreed that a new sentencing hearing was necessary and held, inter alia, that the Petitioner had a lawful expectation of privacy, and thus, police secret videotaping of the Petitioner's communications with his parents constituted an illegal seizure under the federal and state constitutions, as well as under the federal and state wiretapping statutes. Munn, 56 S.W.3d 486. Upon remand in 2002, the Petitioner received a sentence of life without parole.[1] Sixteen years later, on November 13, 2018, the Petitioner filed a petition for writ of error coram nobis, arguing that one of his trial counsel was "slightly biased" based upon his "unequivocal ties" to the university attended by the Petitioner and the victim at the time of the offense. The Petitioner further alleged that he was entitled to due process tolling of the statute of limitations because he became aware of these ties on or about November 17, 2017. Two days after the petition was filed, it was summarily dismissed by the coram nobis court as untimely and unsupported by due process considerations to toll the statute of limitations. The Petitioner now appeals, and upon our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

_____

[1] There is not a judgment in the record on appeal showing the disposition of the Petitioner's case following the remand by the Tennessee Supreme Court for a new sentencing hearing. However, the Petitioner's brief notes that on July 26, 2002, a Rutherford County jury "returned a sentence of life in prison without the possibility of parole."

Cameron L. Hyder, Elizabethton, Tennessee, for the Petitioner, Rudolph Munn.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; and Jennings H. Jones, District Attorney General, for the Appellee, State of Tennessee.

## **OPINION**

The Petitioner does not contest the untimeliness of the filing of his petition for writ of error coram nobis and focuses solely upon equitable tolling of the one-year statute of limitations.  See Tenn. Code Ann. § 27-7-103 ("The writ of error coram nobis may be had within one (1) year after the judgment becomes final by petition presented to the judge at chambers or in open court, who may order it to operate as a supersedeas or not."); Nunley v. State, 552 S.W.3d 800, 826-828 (Tenn. 2018) (A petition for a writ of error coram nobis may be summarily dismissed if it fails to show on its face that it has been timely filed because the timely filing requirement in Code section 27-7-103 is an essential element of a coram nobis claim.).  The Petitioner argues that due process requires tolling of the statute based upon trial counsel's "strong affiliation" with the university.  Throughout his brief, the Petitioner refers to unspecified "questionable information," which he alleges compromised his defense strategy at trial.  The Petitioner also argues that he received "ineffective assistance of counsel as his defense strategy in this serious case may easily have been biased due to [trial counsel's] connections with the university."  Finally, the Petitioner suggests that the coram nobis court did not properly review "the voluminous and complex argument" in this case because the order dismissing the matter was issued "a mere two days after the filing."  As such, the Petitioner argues that, "given additional time [] to file a petition . . . newly discovered evidence and information, if known, and presented at the time of trial, would have resulted in a different outcome."

In response, the State contends that the Petitioner has "failed to state with particularity the grounds for due process tolling or his newly-discovered evidence[.]"  The State points out that the Petitioner's newfound discovery of trial counsel's affiliation with the university lacks any specifics and fails to satisfy the requirements of State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995) and State v. Nunley, 552 S.W.3d 800, 831, n.26 (Tenn. 2018).  The coram nobis petition did not contain an attached affidavit, an explanation as to why the Petitioner only recently learned of trial counsel's alleged affiliation with the university, or how it affected the Petitioner's case.  Moreover, even assuming that tolling was justified, the State posits that the Petitioner failed to assert what evidence would have changed the outcome in this case.  The State further argues that the Petitioner was represented by two other attorneys at trial and that the Petitioner is

essentially seeking to litigate an ineffective assistance of counsel claim in a coram nobis petition, which is improper. See Dellinger v. State, No. E2013-02094-CCA-R3-ECN, 2015 WL 4931576, at *12 (Tenn. Crim. App. Aug. 18, 2015). Based on these arguments, the State submits that summary dismissal by the coram nobis court was proper. We agree with the State.

A writ of error coram nobis is available to convicted defendants based on subsequently or newly discovered evidence. Tenn. Code Ann. § 40-26-105(a), (b). It is an "extraordinary procedural remedy" that "fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999) (citing Penn v. State, 670 S.W.2d 426, 428 (Ark. 1984)); State v. Workman, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002)). The decision to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. State v. Hall, 461 S.W.3d 469, 496 (Tenn. 2015). If a petition for coram nobis relief is granted, the judgment of conviction will be set aside and a new trial will be granted. Payne v. State, 493 S.W.3d 478, 485 (Tenn. 2016).

Petitions for writ of error coram nobis must satisfy rigorous standards regarding specificity:

> The motion or petition must be in writing and (1) must describe with particularity the nature and substance of the newly discovered evidence and (2) must demonstrate that this evidence qualifies as "newly discovered evidence." In order to be considered "newly discovered evidence," the proffered evidence must be (a) evidence of facts existing, but not yet ascertained, at the time of the original trial, (b) admissible, and (c) credible. In addition to describing the form and substance of the evidence and demonstrating that it qualifies as "newly discovered evidence," the prisoner must also demonstrate with particularity (3) why the newly discovered evidence could not have been discovered in a more timely manner with the exercise of reasonable diligence; and (4) how the newly discovered evidence, had it been admitted at trial, may have resulted in a different judgment.

Harris v. State, 301 S.W.3d 141, 152 (Tenn. 2010) (Koch, J., concurring in part and concurring in result) (footnotes omitted), overruled on other grounds by Nunley v. State, 552 S.W.3d 800 (Tenn. 2018).

Summary dismissal, without discovery or an evidentiary hearing, is permissible when a petition is insufficient on its face. Nunley, 552 S.W.3d at 829. As the Nunley court reiterated:

- 3 -

"The sufficiency of the contents of a petition for writ of error coram nobis filed pursuant to T[enn.] C[ode] A[nn]. § 40-26-105 is of utmost importance. Judges anticipate that the petition itself embodies the best case the petitioner has for relief from the challenged judgment. Thus, the fate of the petitioner's case rests on the ability of the petition to demonstrate that the petitioner is entitled to the extraordinary relief that the writ provides."

Id. at 826 (quoting Harris, 301 S.W.3d at 150 (Koch, J., concurring in part and concurring in result)).

Additionally, petitions for coram nobis relief must be supported by affidavits that are "relevant, material, and germane to the grounds raised in the petition," and "the affiant must have personal knowledge of the statements contained in the affidavit." State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). "Affidavits which fail to meet these criteria will not justify the granting of an evidentiary hearing since the information contained in the affidavits, taken as true, would not entitle the petitioner to relief." Id. (citing State v. Todd, 631 S.W.2d 464, 466-67 (Tenn. Crim. App. 1981)).

Finally, due process considerations may toll the one-year statute of limitations when a petitioner seeks a writ of error coram nobis. Workman, 41 S.W.3d at 101-102. Due process requires the tolling of a statute of limitations period when a petitioner would otherwise be denied "'an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.'" Id. at 102 (quoting Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992)). "To accommodate due process concerns, the one-year statute of limitations may be tolled if a petition for a writ of error coram nobis seeks relief based upon new evidence of actual innocence discovered after expiration of the limitations period." Nunley, 552 S.W.3d at 828-29 (citing Wilson, 367 S.W.3d at 234).

In accordance with the extraordinary nature of the writ, petitioners must plead specific facts demonstrating why they are entitled to equitable tolling of the statute of limitations:

To be entitled to equitable tolling, a prisoner must demonstrate with particularity in the petition: (1) that the ground or grounds upon which the prisoner is seeking relief are "later arising" grounds, that is grounds that arose after the point in time when the applicable statute of limitations normally would have started to run; [and] (2) that, based on the facts of the case, the strict application of the statute of limitations would effectively deny the prisoner a reasonable opportunity to present his or her claims . . . . A prisoner is not entitled to equitable tolling to pursue a patently non-meritorious ground for relief.

- 4 -

Id. at 829.

"If a petition for a writ of error coram nobis fails to show on its face either that it has been timely filed in accordance with Tennessee Code section 27-7-103 or specific facts showing why the petitioner is entitled to equitable tolling of the statute of limitations, the trial court is within its discretion to summarily dismiss it." Id. A trial court is not required to conduct an evidentiary hearing prior to dismissing a coram nobis petition if the petition fails to meet the necessary prerequisites for granting coram nobis relief. Id. (citation and internal quotation marks omitted). Moreover, "[i]f the averments in the petition are insufficient to warrant relief, the petition may be dismissed prior to any response from the state and without a hearing." Id. (citation and internal quotation marks omitted). "Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness." Harris, 301 S.W.3d at 145 (citing Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006)).

Based upon the above authority, we conclude that summary dismissal of the petition for coram nobis relief was proper. The record shows that the petition was untimely, that the Petitioner failed to establish equitable tolling of the statute of limitations, and, even assuming due process tolling, that the petition was substantively inadequate. As noted by the State, the petition failed to articulate with particularity the grounds upon which the Petitioner claimed he was entitled to equitable tolling of the statute of limitations. Although the Petitioner generally alleged that he was entitled to due process tolling based upon trial counsel's affiliation or "unequivocal ties" with the university, the petition failed to specify trial counsel's alleged affiliation or explain how it impacted the Petitioner's defense at trial. At most, the petition alleges a bare, nonspecific conflict of interest, see generally Tenn. Sup. Ct. R. 8, RPC 1.7, which, even if true, does not provide a cognizable claim for coram nobis relief. See State v. David B. Gardner, No. M2018-00289-CCA-R3-CD, 2019 WL 3946100, at *3 (Tenn. Crim. App. Aug. 21, 2019), appeal denied (Dec. 5, 2019) (quoting Dennis Cedric Woodard v. State, No. M2015-02002-CCA-R3-ECN, 2016 WL 6599604, at *17 (Tenn. Crim. App., Nov. 8, 2016)("Evidence of a conflict of interest[ ] does not qualify as newly discovered evidence as contemplated by our [coram nobis] statutes.")); State v. Glenn Bernard Mann, No. W2006-01867-CCA-R3-CO, 2007 WL 2247237, at *4 (Tenn. Crim. App. Aug. 6, 2007)(noting that the petitioner's claim that his co-counsel operated under a conflict of interest during his trial is not cognizable in a petition for writ of error coram nobis because, if proved, it would constitute ineffective assistance of counsel which the writ of error coram nobis is not designed to remedy); Kenneth C. Stomm v. State, No. 03C01-9110-CR-00342, 1992 WL 97081, at *1 (Tenn. Crim. App., at Knoxville, May 12, 1992) ("The [coram nobis] proceeding is confined to errors outside the record and to matters

which were not and could not have been litigated at trial, the motion for new trial, appeal, or upon post-conviction petition.").

The petition in this case is further devoid of any attempt to establish "(1) that the ground or grounds upon which the prisoner is seeking relief are 'later arising' grounds, that is grounds that arose after the point in time when the applicable statute of limitations normally would have started to run; [and] (2) that, based on the facts of the case, the strict application of the statute of limitations would effectively deny the prisoner a reasonable opportunity to present his or her claims...." Nunley, 552 S.W.3d at 829. Instead, the petition is comprised of conclusory statements that conflate the doctrines of error coram nobis and post-conviction relief. Because the record shows that the petition is not timely and that the Petitioner has failed to demonstrate that he is entitled to relief from the statute of limitations, our "inquiry ends." Id. at 831. Accordingly, the Petitioner is not entitled to relief.

## CONCLUSION

For the above reasons, the judgment of the coram nobis court is affirmed**.**

_____
CAMILLE R. MCMULLEN, JUDGE